WILLIAM VORCE, PLAINTIFF IN ERROR, v. ABRAHAM ROSEN-
BERY, DEFENDANT IN ERROR.

Negotiable Instruments: EQUITABLE DEFENSE BY MAKER TO
NOTE IN HANDS OF PAYEE. R. bought a lot of F. taking a war-
ranty deed therefor, securing payment for the same by notes
and mortgage. At the request of F. the notes and mortgage
were drawn payable to W. V. It turned out that there was a
prior mortgage on said lot, executed by F. to one I. M. P.,
which was foreclosed, the lot sold, and R. evicted therefrom.
On suit brought by W. V. against R. on the notes, held, that the
equitable defense by R. to such action was not cut off by reason
of W. V. having received said notes from F. in payment of a
pre-existing indebtedness.

ERROR to the district court for Douglas county. Tried
below before SAVAGE, J.

*Webster & Gaylord*, for plaintiff in error, cited *Williams
v. Rank*, 1 Ind., 230. *Justice v. Charles*, 7 Blackf., 122.
*Railroad Company v. National Bank*, 102 U. S., 14. *Swift
v. Tyson*, 16 Peters, 1–20. *McCarty v. Roots*, 21 How.,
432, 438–9. *Heywood v. Watson*, 1 M. & P., 268. *Poirier
v. Morris*, 20 Eng. L. & Eq., 103. *Atkinson v. Brooks*, 26
Vt., 569. *Quinn v. Hard*, 43 Vt., 375. *Russell v. Slater*,
47 Vt., 273. *Blanchard v. Stevens*, 3 Cush., 162. *Culver
v. Benedict*, 13 Gray, 7. *Stoddard v. Kimball*, 6 Cush.,
469. *Fisher v. Fisher*, 98 Mass., 303. *Roberts v. Hall*,
37 Conn., 205. *Cobb v. Doyle*, 7 R. I., 550. *Williams v.
Little*, 11 N. H., 66. *Bowman v. Millison*, 58 Ill., 36.
*Payne v. Bensley*, 8 Cal., 260. *Armour v. McMichael*, 36
N. J. L., 92. *Maitland v. Citizens Bank of Baltimore*, 4
Md., 540. *Valette v. Mason*, 1 Carter (Ind.), 288. *Bank
of Charlestown v. Chambers*, 11 Rich. (S. C.), 657. *Boat-
man's Saving Institution v. Holland*, 38 Mo., 49.

*Kennedy & Gilbert*, for defendant in error, cited Story
on Promissory Notes, secs. 104, 404, 438. *Johnson v.*

*Weed,* 9 Johns., 310. *Stevens v. Anderson,* 30 Ind., 391. 24 Pick., 21. *Welch v. Allington,* 23 Cal., 322. *Sheeley v. Maudeville,* 6 Cranch., 253. *Haines v. Pearce,* 41 Md., 223. *Summerville v. H. & St. Joe R. R.,* 62 Mo., 391.

COBB, J.

It appears from the pleadings and evidence in this case, that on or about the 21st day of January, 1873, George W. Forbes sold and conveyed by general warranty deed to Abraham Rosenbery lots five and six in Forbes' subdivision (an addition to the city of Omaha,) and received in payment therefor certain promissory notes amounting to $1,788.44, secured by a mortgage upon the said lots. That the said lots were previously incumbered by a mortgage executed thereon, with other property, by the said Forbes to James M. Parker, to secure a certain sum, which said last mentioned mortgage was duly recorded. That afterwards the said Abraham Rosenbery sold and conveyed one of the said lots to Samuel Rosenbery; whereupon the said Rosenberys applied to Forbes to make a change of securities, he giving up the old notes and cancelling the mortgage of Abraham Rosenbery, and taking in lieu thereof the separate notes and mortgages of the two Rosenberys equally, each for his respective. lot. This proposition was acceded to by Forbes, and the exchange was accordingly made, but at the suggestion of Forbes, and at his request, the new notes and mortgages were executed to and in the name of William Vorce, the plaintiff, but were delivered to George W. Forbes. That at said time the said Forbes was largely indebted to the said Vorce, and that he delivered said notes to the said Vorce in part payment of such indebtedness, as was claimed by the said Vorce, or as collateral security therefor, as was claimed by the said Rosenbery. This suit was brought by Vorce on those of the above notes given by Abraham Rosenbery. In the mean time, and before

29

the commencement of this suit, the said prior mortgage executed by Forbes to James M. Parker had been foreclosed, the said lots five and six sold, and the said Rosenberys evicted therefrom.

The defendant in the court below answered, setting up the said eviction and failure of the consideration of the said notes, and charged the plaintiff with notice, etc.

Upon the trial several questions were raised upon the admission of testimony, instructions to the jury, etc. The verdict and judgment being for the defendant, these questions are all saved by a motion for a new trial by the plaintiff, which being refused, they are presented to this court on error.

These questions, although presented in several forms, are reducible to one single proposition on the part of the plaintiff in error, to-wit: " He, the plaintiff, received the notes before maturity for value in the usual course of business, without notice of infirmity in their consideration, or of any defense thereto by the maker."

The only evidence before the jury applicable to the question of notice, or as to whether the notes were received by Vorce in the usual course of business, is that contained in the body of the notes themselves—they being payable " to William Vorce or order."

The argument of counsel for the plaintiff in error, as well as most of his citations of authorities, is based upon the idea that the true solution of this case turns upon the question decided in *Swift v. Tyson*, 16 Peters, 1, and the cases following it. But we cannot see that the point decided in that case is at all conclusive of the case at bar. This court has not, to the knowledge of the writer, been called upon to decide the point—upon which there is great conflict of authority—whether or not a negotiable note, transferred before due in the regular course of business to a creditor in payment of or security for a pre-existing debt, is taken in good faith and for a valuable

consideration and is collectible in the hands of the creditor, notwithstanding any equities existing between the original parties thereto. Nor will it be necessary to do so in this case. The notes sued on here, although negotiable, were never negotiated, nor were they transferred to the plaintiff in error in the usual course of business. The defendant in error testified on the stand that he had never seen Mr. Vorce when the notes were executed, had never had any dealings or business transactions with him; he was not present. So we think that the making of these notes payable to Mr. Vorce, under the circumstances, was a very unusual business transaction. And that the offer to transfer them by Forbes to Mr. Vorce—if such was the case—in payment of, or security for a pre-existing debt from the former to the latter, might well have caused suspicion and elicited inquiry as to the consideration for which the notes were given.

Again, had the notes been drawn payable to G. W. Forbes or order, and endorsed and delivered by him before maturity to William Vorce, their possession by him would be *prima facie* evidence not only of his ownership, but that the same had been by him received for a valuable consideration, in the usual course of business, and without notice of any equities between the maker and payee. But no such presumption arises from his possession of notes of which he himself is the payee, other than the presumption of ownership.

Having carefully examined all of the numerous authorities cited by counsel, we find not one which cuts off an equitable defence on the part of the principal maker to a note in the hands of the payee. The judgment of the district court is therefore affirmed.

JUDGMENT AFFIRMED.