S. B. CAMP, PLAINTIFF IN ERROR, V. PHELPS D. STURDEVANT, DEFENDANT IN ERROR.

1. Negotiable Instruments: POSSESSION OF BANK CHECK: EVIDENCE. The possession by A. H. of a bank check payable to the order of P. D. S. was no evidence to P. D. S. that said check had been drawn by the drawer and delivered to said A. H. to enable him, A. H., to obtain money or credit thereon, nor is such possession evidence to go to the jury of such fact.

2. ———: ———: DELIVERY: EVIDENCE: INSTRUCTION TO JURY. There being no evidence properly before the jury that the bank check in question had been delivered to A. H. to enable him to obtain money or credit thereon, an instruction which in effect told the jury that they might so find, *Held*, To be erroneous.

3.  ———:  ACTION ON BANK CHECK:  WANT OF CONSIDERATION:
NOTICE.  In an action between·the payee and drawer of a bank
check, payment of which has been refused by the bank, where
the drawer sets up as a defense the want of consideration for the
drawing and delivery of such check, it is no answer to such de-
fense that the plaintiff received the same without notice, etc.

4.  Fraud:  INSTRUCTIONS TO JURY.  There being no sufficient
evidence of fraud before the jury, *Held*, That an instruction
which in effect told the jury that they might find that one of
the parties had carelessly or negligently put it in the power
of another to perpetrate a fraud on a third was erroneous as not
applicable to evidence in the case.

ERROR to the district court for Fillmore county.  Tried
below before MORRIS, J.

*Rushton & Matthewson* and *J. W. Eller*, for plaintiff in
error.

*John P. Maule*, for defendant in error.

COBB, CH. J.

This action in the court below was brought on a bank
check, drawn by the plaintiff in error on the Fillmore
County Bank, payable to the order of P. D. Sturdevant
(defendant in error).  This check was presented to the
bank and payment refused, of which the drawer had due
notice.  Under the circumstances of the case, neither the
time of presentation, nor the reason·why payment was re-
fused, is material.  The defense was that the drawer of the
check received no value therefor.  This defense was proved
by the testimony of the plaintiff in error, and the facts
sworn to by him are uncontradicted.  There can be no
doubt under the law that had Camp signed this check and
handed it directly to Sturdevant without any consideration
that the plea of want of consideration, if made and proved,
would be a complete defense.

It appears from the testimony of both parties, that the

check was in fact handed by Camp to one Amos Herr, by whom it was delivered to Sturdevant. Had the check been made payable to Herr upon its face, then its possession by him would have been evidence of ownership, and had he endorsed and delivered it to Sturdevant for value then that consideration would, in a sense, flow back to and be chargeable to the drawer, and the defense of want of consideration would avail him nothing. But the possession by Herr of this check, payable as it was "to the order of P. D. Sturdevant," was no evidence to anybody, certainly not to Sturdevant, of property in the check on the part of Herr. To him it was evidence that the possession of Herr was that of a mere messenger.

It cannot be, therefore, that any of the principles of law applicable to commercial paper can be held to control this case.

On the trial the court charged the jury as follows:

"3. If the jury believe from the evidence that the defendant made and delivered the check in question to one Amos Herr, to enable him, Herr, to obtain money or credit thereon, the defendant is liable thereon, although Amos Herr may have deceived the defendant as to the use he would make of the check."

I do not think that this charge states the law correctly. If the charge is to be considered as based upon the facts as testified to by the defendant in error, then it in effect tells the jury that the naked possession of the check, payable to the order of P. D. Sturdevant, was a fact from which they might find that "the defendant (Camp) made and delivered the check in question to one Amos Herr to enable him, Herr, to obtain money or credit thereon." I do not think that such purpose is sufficiently evidenced by the language of the check or by its naked possession by Herr. When on the stand as a witness in his own behalf, the plaintiff was asked the following question by his counsel:

Q. Just tell the jury upon what conditions you took that check?

To which the defendant objected "to the witness stating any conditions unless connected with the defendant and known to him, and for the reason that it is irrelevant, immaterial, and hearsay," which objection was overruled by the court, whereupon the plaintiff answered as follows:

"Along the first days of October Mr. Herr came into my office and represented that he could get a check of Mr. Camp, upon the Fillmore County Bank, allowing that I could cash that check and hold it a few days till the next week which I agreed to do, and had cashed other of Mr. Camp's checks, and when I sent other collaterals into the bank I sent them along with it. I paid that and the $200 check and held it as long as I agreed to and longer yet, for the reason that I was very busy, and I held it for several days and spoke to Mr. Camp that I wanted to send these in, and he says, don't do that for the trade had not been completed and the money was not there, and I held the check a short time longer, and continued to hold them and to speak to Mr. Camp about it till some time about the first of December, when I first presented the check to Mr. Chase, perhaps longer than that, I didn't make a note of it. Payment was refused at the time I presented the check to the bank."

The overruling of the defendant's objection to the question which called out this testimony, is one of the points made in the petition in error. There can be no doubt that the objection to the question should have been sustained, or that most of the answer was inadmissible as evidence under the issue. The only "conditions" upon which the plaintiff took the check, or could have taken it in the absence of the defendant, were those borne upon its face, and to allow a witness to add to these "conditions," the statement made by Herr in the absence of the defendant, the party to be charged therewith, seems to me a violation of one of the commonest rules of evidence.

But leaving out of view the error on the part of the court

in the reception of this testimony, was it sufficient to warrant the court in charging the jury that they might find from the evidence that "the defendant made and delivered the check in question to one Amos Herr, to enable him, Herr, to obtain money or credit thereon?" I think not.

On the other hand, the defendant, when on the stand as a witness in his own behalf, testified in answer to a question put to him on cross-examination by plaintiff's counsel as follows:

Q. I want you to tell this jury what you gave this check for?

A. Amos Herr came to my office from Sturdevant's office and said to me, "Sturdevant is willing to loan me some money, if you will let me have your check, and he will never present it till I can sell my saloon property and it will be all right."

Q. That was what you gave it for?

A. Yes, sir.

Again.

Q. That was what you gave him the check for, was it?

A. Yes, sir, I didn't know how it was, I made the check to Sturdevant because if Amos Herr was lying to me about it, he wouldn't get the money. That is why I made it that way.

This testimony is uncontradicted, the defendant is unimpeached as a witness, nor is his testimony inconsistent with that of any other witness, or with any known or admitted fact in the case. If this testimony be true, then did the defendant make and deliver the check in question to one Amos Herr, to enable him, Herr, to obtain money or credit thereon? Certainly not, but the check was sent to Sturdevant by Amos Herr as a messenger for the purpose of enabling Sturdevant to carry out the arrangement which, according to Herr's statement, had been agreed upon between them.

This testimony of statements of Herr to Camp was equally

as admissible as that of the statements of Herr to Sturdevant. Besides, the former was drawn out by the plaintiff on cross-examination and received without objection, and the latter having been erroneously admitted over the objection of the defendant cannot be held to sustain a verdict in direct opposition to the former.

I do not wish to be understood as holding that the defendant by executing and delivering the check to the plaintiff incurred no legal liability, but that his liability or rather the right of the plaintiff against him is not that of the holder of negotiable paper transferred before maturity for value without notice of any infirmity, and received in the usual course of business. But that receiving the paper as he did, drawn payable to his own order, he is chargeable with a knowledge of the facts as they actually existed between the defendant and the said Amos Herr, and that he cannot recover on the cause of action as set out in his petition. I therefore think that the charge of the court as above set forth was wrong in theory, not applicable to the evidence in the case, and calculated to mislead the jury.

In the cases of *Vorce v. Rosenbery*, 12 Neb., 448, and *Chariton Plow Co. v. Davidson, ante* p. 374, this court held that a note in the hands of the payee, although in fact delivered to another party, by whom it was passed to the payee for value before maturity and without actual notice, was subject to all defenses existing against such note, in the hands of the person to whom the note was in fact executed and delivered.

The court also instructed the jury as follows:

" 5. When one of two innocent parties must lose, he must suffer who carelessly or negligently put it in the power of another to perpetrate a fraud upon a third party, if you shall find from the evidence that any such thing has been done."

No objection can be taken to this charge as a matter of law, but it is objectionable for the reason that it is not ap-

plicable to the evidence in the case.    There was no suffi-
cient evidence that a fraud had been perpetrated, and it is
clear from the testimony that if a fraud was perpetrated by
Herr, that to enable him to perpetrate it he had to be
trusted and confided in by both parties.    Hence the charge
was erroneous.

It is somewhat strange that neither party deemed it ad-
visable to put Amos Herr on the stand as a witness, as we
learned from counsel at the argument that he is still a resi-
dent of the state.    It would seem that his testimony might
explain the points of difference between the parties.

There are many other errors assigned, but as I have
come to the conclusion that there must be a new trial for
error in the instructions, the other points will not be dis-
cussed.

The judgment of the district court is reversed, and the
cause remanded to the district court for further proceed-
ings in accordance with law.

REVERSED AND REMANDED.

THE other judges concur.