THE CITY OF OMAHA, PLAINTIFF IN ERROR, V.
AUGUSTUS KOUNTZE, DEFENDANT IN ERROR.

Taxes: PAYMENT UNDER PROTEST: ACTION TO RECOVER BACK.
Certain lots of the defendant in error were assessed by the city
council for the cost of grading the streets on which they
abutted.  He paid the taxes so assessed, accompanying such
payment with the following notice: "Truman Buck, Treasurer,
I this day pay you under protest $2,181.23 for special grading
tax on property fronting on 15th street, south of Williams
street.  This is paid to save penalty, and as it is believed that
the tax is illegal, I shall collect the same back.  Augustus
Kountze."  In an action to recover back said taxes, *Held*, That
the notice was insufficient.

ERROR to the district court for Douglas county.  Tried
below before NEVILLE, J.

*John L. Webster*, for plaintiff in error, cited: *Railroad
Company v. Commissioners*, 98 U. S., 545.  *Rogers v. The
Inhabitants of Greenbush*, 58 Me., 390 (4 Am. Repts.,
292).  *Meeks v. McClure*, 49 Cal., 623 (22 Am. Repts.,
520).

*Kennedy & Gilbert*, for defendant in error, cited: *Helphrey v. Redick*, 21 Neb., 84.  49 Cal., 623.  *Dimmett v.
Appleton*, 20 Neb., 210.

COBB, J.

This action was brought in the court below by the defendant in error, to recover back from the city of Omaha
a sum of money assessed as special taxes upon certain lots
and land owned by him, on 15th street, between Williams
and Vinton streets, in said city, as special benefits to said
lots and land, caused by the grading of said 15th street,
and which had been paid by him under protest.  The

cause was tried to the court without a jury, which found and rendered judgment for the plaintiff.

The defendant, which brings the cause to this court on error, assigns the following errors:

1. The judgment is not sustained by sufficient evidence.

2. The judgment is contrary to law, and should have been for the city of Omaha.

3. Plaintiff below was not entitled to a judgment in his favor, for the reason that the notice of protest relating to the pretended illegality of the taxes complained of was and is insufficient to entitle the plaintiff to recover back the taxes sued for.

4. The court below was not authorized to render any judgment in favor of the plaintiff below, for the reason that the matters complained of were not sufficiently set forth, and were not specified in said notice of protest fully enough to advise the city of Omaha of the exact nature thereof.

5. The judgment should have been rendered in favor of the city, for the reason that Mr. Kountze did not make his complaint touching the illegality of the taxes in the petition set forth to the city council sitting as a board of equalization, as required by law.

6. The judgment should have been rendered in favor of the city, for the reason that the plaintiff below had knowledge that 15th street was being graded, and knowing the same, did not make any complaint, or take any steps, legal or equitable, to suspend said grading, whereby he cannot now be heard to complain of the illegality of the tax.

It is deemed necessary to examine only the fourth of the above assignments.

The following is a copy of the protest and notice served on the city treasurer by the plaintiff, at the time of the payment of the taxes:

*" Truman Buck, Treasurer:*

"I this day paid you under protest $2,181.23 for spe-cial grading tax on property fronting on 15th street, south of Williams street. This is paid to save penalty, and as it is believed that the tax is illegal, I shall collect the same back. ·

"AUGUSTUS KOUNTZE,

*" Per H. K."*

Section 1 of the act to amend section 42 of an act to in-corporate cities of the first class, etc., and certain other acts, etc., approved February 19, 1883, cited by counsel for plaintiff in error, after providing that, "no court or judge shall grant any injunction to restrain the levy, en-forcement, or collection of any special tax or assessment, or any part thereof, made or contemplated by this section, or any other special tax provided for by this act, or the acts of which this is amendatory," etc., proceeds as follows: "But any party feeling aggrieved by any such special tax or assessment or proceeding may pay the said special taxes assessed and levied upon his, her, or its property, or such installments thereof as may be due, at any time before the same shall become delinquent, under protest, and with no-tice in writing to the city treasurer that he intends to sue to recover the same back, which notice shall particularly state the alleged grievance and ground thereof, whereupon such party shall have the right to bring a civil action within sixty days thereafter, and not later, to recover back so much of the special taxes paid as he shall show to be illegal and unjust. ·   *    *    *    The city treasurer shall promptly report all such notices to the city council for such action as may be proper. No court shall enter-tain any complaint    *    *    *    not specified in said notice fully enough to advise the city of the exact na-ture thereof, nor any complaint that does not go to the groundwork, equity, and justice of the tax." Laws 1883, Ch. 12.

The question then is, whether the plaintiff below has pursued the remedy given him by the statute so as to entitle him to recover. This is a remedy given by statute, and while it may be termed a remedy in derogation of the common law, yet it is a remedial statute, and will be construed according to the true intent and meaning of the law. I think it may be fairly gathered that it was the intention of the legislature to require the proceeding to recover back taxes illegally assessed to be virtually commenced at the time of their payment. With that intention was the provision framed which virtually requires the notice to the city treasurer to contain all of the material allegations of a petition for the recovery back of taxes unlawfully assessed and demanded. Such notice is not an idle ceremony; it is required to be promptly reported to the city council, and, doubtless, if it contains such allegations which, if known to the council to be true, or which, if proved by its records, or otherwise, would entitle the party to a return of his money, it would be the duty of the council to make the necessary provisions for its repayment. But if this is not done, the party may, within a quite limited time, bring a civil action for its recovery. In his petition in such action he is limited to the identical grounds of complaint specified in the original notice. In this view it is clear that the notice was insufficient. To this effect are the authorities cited by counsel for plaintiff in error. I know of none which hold to the contrary.

The judgment of the district court is reversed, and the cause remanded for further proceedings in accordance with law.

REVERSED AND REMANDED.

THE other judges concur.