Johnson v. Barrett *et al.*

No. 13,285.

JOHNSON *v.* BARRETT ET AL.

SUBROGATION.—*Mortgage.—Judgment.—Satisfaction.—False Representations.— Husband and Wife.*—Where a husband and wife execute a mortgage upon the former's real estate, which is subsequently conveyed to the wife, who dies shortly after a judgment of foreclosure is rendered, leaving her husband and children surviving her; one who, at the solicitation of the husband, and upon his representation that the title is in him, and without any actual notice to the contrary, pays the amount of the judgment rendered upon the mortgage and causes satisfaction to be entered, and takes from the husband a new note and mortgage for the amount so advanced; is entitled, upon ascertaining the facts, to have the satisfaction of the judgment set aside, and to be subrogated to all the rights of the prior mortgagee, without regard to the solvency or insolvency of the mortgagor.

From the Posey Circuit Court.

*W. P. Edson* and *E. D. Owen*, for appellant.

*A. P. Hovey* and *G. V. Menzies*, for appellees.

NIBLACK, J.—Complaint by James N. Johnson against George M. Barrett, Ollie G. Barrett, Nellie H. Barrett, Carl E. Barrett, Ellen Barrett and Louisa Barrett, in four paragraphs.

The first two paragraphs sought to have a deed made by the defendant George M. Barrett to his wife, Mary L. Barrett, on the 4th day of January, 1882, for a tract of land in Posey county, set aside, on the ground that such deed was fraudulent and void as against the plaintiff.

The third paragraph sought to have the deed referred to declared and adjudged to have been only a mortgage.

The fourth paragraph charged that, on the 18th day of January, 1881, George M. Barrett and Mary L. Barrett, his wife, executed to James A. Cooper a mortgage on a particularly described tract of land, being the same tract named in the preceding paragraphs, to secure the payment of the sum

of $3,000 ; that afterwards, on the 4th day of January, 1882, the said George M. Barrett conveyed the same land to his said wife, Mary Barrett, and caused the deed conveying the same to be duly recorded in the recorder's office of Posey county ; that in January, 1884, Cooper obtained a judgment on the indebtedness which the mortgage was given to secure, for the sum of $3,969, and a decree foreclosing the mortgage and ordering a sale of the mortgaged lands; that on the 24th day of February, 1884, the said Mary L. Barrett died intestate, leaving the said George M. Barrett as her husband, and the other defendants as her children, and all of them as her only heirs at law, surviving her ; that the said George M. Barrett thereafter requested the plaintiff to pay off and discharge the judgment and decree of foreclosure rendered against him, as above stated, and to take from him a new note and another mortgage on the same land to secure the repayment of the amount which would be required to pay off and discharge such judgment and decree ; that the plaintiff, in response to such request, proposed that if there was nothing against said land, except said judgment and decree of foreclosure, and his title to the land was good and perfect, he, the plaintiff, would pay off and discharge such judgment and decree, and take a new note and another mortgage ; but that if anything had intervened since the execution of the mortgage to Cooper, which in any way might affect his, the said George M. Barrett's, title to the land, he, the plaintiff, would take an assignment of the judgment and decree ; that the plaintiff, continuing, made diligent and particular inquiries of him, the said George M. Barrett, whether his title to the land was clear and complete, and whether any incumbrance other than the Cooper mortgage had been placed upon the land ; that, in answer to these inquiries, the said George M. Barrett falsely, fraudulently and corruptly assured the plaintiff that his title was clear and complete, and that there were no incumbrances subsequent to the execution of the Cooper mortgage ; that, relying upon such

assurances, and believing them to be true, the plaintiff did not make any further inquiry or examination as to the title of the land, and did not take an assignment of the judgment and decree in favor of Cooper, as he would have otherwise done; that, for the same reason, he, the plaintiff, as he had contingently proposed to do, took a new note and another mortgage on the land included in the Cooper mortgage and the decree of foreclosure, to secure the payment of such note; that afterwards, on the 1st day of May, 1884, the plaintiff, in pursuance of his agreement with the said George M. Barrett, paid to Cooper the amount due upon his judgment and decree of foreclosure, including interest and costs, and caused such judgment and decree to be receipted and released, and to be discharged of record. Wherefore the plaintiff prayed that the release and satisfaction of the judgment and decree in favor of Cooper, entered of record as above set forth, should be set aside and vacated, and that he might be subrogated to all the rights which Cooper had held in such judgment and decree, upon his surrendering for cancellation the new note and subsequent mortgage executed to him by George M. Barrett.

A demurrer was sustained as to the first paragraph of the complaint, and the fourth paragraph was held to be insufficient upon demurrer as against all the defendants other than George M. Barrett, who were minors, and who appeared by a guardian ad litem. Upon the issues joined on the second and third paragraphs there was a finding and a judgment for the defendants.

The only question made in argument here is upon the sufficiency of the fourth paragraph of the complaint. The objections urged against the sufficiency of that paragraph are, first, that, upon the facts alleged, George M. Barrett had no authority to enter into any contract concerning, or to execute to the plaintiff a mortgage upon, more than one-third of the tract of land in controversy; and, secondly, that there was no allegation that George M. Barrett was insolvent, and that

consequently the plaintiff had no other remedy against him than that of subrogation to the Cooper mortgage.

Subrogation is the substitution of another person in place of a creditor, so that the person substituted will succeed to all the rights of the creditor having reference to the debt due him. It is independent of any merely contractual relations between the parties to be affected by it, and is broad enough to include every instance in which one party is required to pay a debt for which another is primarily answerable, and which, in equity and good conscience, ought to be discharged by the latter.

Where a mortgage is executed to raise money to discharge a prior incumbrance, and the money is so applied, the mortgagee becomes entitled to be subrogated to the rights of the prior incumbrancer when such a subrogation is made necessary for the better security of his mortgage debt. *Gilbert* v. *Gilbert*, 39 Iowa, 657.

When a person has been required to pay, and has accordingly paid, a mortgage executed by another, he is entitled to be subrogated to the rights of the mortgagee, and to be treated as the assignee of the mortgage, notwithstanding the mortgage itself may have been cancelled and the mortgage debt discharged. In such a case the payment of the mortgage debt will operate as a discharge of the mortgage, or in the nature of an assignment of it, as may best serve the purposes of justice and the reasonable intent of the parties most interested. This right of subrogation does not depend upon the insolvency of the mortgagor. The mortgagee has the right to enforce, or foreclose, his mortgage, without regard to the solvency or insolvency of the mortgagor, and in that respect the person subrogated succeeds to all the rights of the mortgagee. Sheldon Subrogation, sections 1, 2, 3, 4, 11, 12, 13, 24 and 44.

The conveyance made by George M. Barrett to his wife was subject to all the equities which may have existed between him and her, as well as between him and his creditors,

Johnson *v.* Barrett *et al.*

and also to the Cooper mortgage, which both had executed, and with the payment of which he was presumably chargeable. *Brookville Nat'l Bank* v. *Kimble*, 76 Ind. 195.

His relations to this mortgage were not changed by the death of his wife. While continuing to occupy these relations to the mortgage, he arranged to have it paid by the execution of a junior, and partially ineffectual, mortgage to the plaintiff on the same property. Justice, therefore, requires that the plaintiff shall be subrogated to the rights of Cooper in the mortgage of which his, the plaintiff's, money was applied in payment. This is especially so, as thereby no injustice will be inflicted upon the children of Mrs. Barrett. Such a subrogation will place them in no worse a condition than they occupied before the Cooper mortgage was discharged, and hence will afford them no just cause of complaint.

The case intended to be made by the paragraph of complaint under consideration would have been better stated if there had been a direct averment that the plaintiff had no actual knowledge of the existence of the conveyance from George M. Barrett to his wife at the time he paid and discharged the Cooper mortgage; but the reasonable inference from what is alleged is that he had no such knowledge, and that he failed to make that diligent inquiry which would have led to actual knowledge of such conveyance, on account of material and misleading representations made to him as charged.

The judgment is reversed, with costs, and the cause is remanded for further proceedings not inconsistent with this opinion.

Filed Dec. 21, 1888; petition for a rehearing overruled March 8, 1889.