## MICHAEL B. DAVIS V. OTOE COUNTY.

FILED SEPTEMBER 23, 1898.   No. 9428.

1. **Assignments of Error: RULINGS ON EVIDENCE.** In an assignment of error in the admission of evidence there must be a specified designation of the ruling to which it is desired to direct attention.

2. **Taxes Paid Under Protest: RECOVERY: PLEADING: BURDEN OF PROOF.** In an action to recover taxes paid under protest, if allegations of the petition of the illegality or invalidity of the taxes or reasons which render them unenforceable are not admitted, the burden of their proof is on the pleader.

3. ———: ———: ———. The protest against the payment of taxes provided for in the first subdivision of section 144, chapter 77, Compiled Statutes, must state the grounds thereof specifically and with particularity, and not generally, or by way of conclusions, and no claim can be successfully pursued for the repayment of such taxes as provided in said subdivision for any other or different reasons than are set forth in the notice of protest.

ERROR from the district court of Otoe county. Tried below before RAMSEY, J. *Affirmed.*

*M. L. Hayward* and *C. W. Seymour*, for plaintiff in error.

*John V. Morgan* and *John C. Watson*, *contra*.

HARRISON, C. J.

On November 23, 1893, the plaintiff purchased of James Reed a stock of drugs, medicines, and oils; also the fixtures then in a store building in Nebraska City, and assumed possession, management, and the sale of the stock in the regular course of a retail trade or business. On the next day the county treasurer of Otoe county, wherein the property was and had been of location, issued distress warrants to enforce the collection of certain delinquent taxes which purported to have been assessed against the former owner of the drug business and stock, and they were by the sheriff of the county, to whom they were delivered for service, levied on the said stock of goods and property in the store. On December 5 the plaintiff paid the taxes under protest, and during the succeeding month filed a claim with the county commissioners for the repayment to him of the amount he had so paid. The claim was rejected or disallowed by the board, and an appeal of the matter was perfected for the plaintiff to the district court, where, as the result of a trial, judgment was rendered against him, and the matter is presented to this court by error proceeding in his behalf.

It is argued for plaintiff that he had in his petition pleaded that certain acts prescribed by law relative to the assessment and collection of the taxes in question had not been performed, or not properly done, hence the taxes were invalid and uncollectible; that no evidence had been introduced for defendant to show to the contrary, and without such evidence there could not be a judgment for defendant, or, if rendered, it was erroneous. To make out a claim for the repayment of the taxes on either of the grounds to which this branch of the argument for plaintiff has reference, it was, as to each, a

necessary averment on the part of plaintiff that the act had not been performed, or the essential prerequisite to a valid tax did not exist, and to such assertions the answer contained denials. The burden of proof was on the plaintiff as to each subject-matter pleaded through or by reason of which he asserted the illegality or invalidity of the taxes. (*Miller v. Hurford*, 13 Neb. 13; *Towle v. Holl*, 14 Neb. 221; *Adams v. Osgood*, 42 Neb. 450.)

It is urged that there was error committed in the admission of certain testimony. There is no specific assignment relative to this asserted error in either the motion for a new trial or the petition in error; hence it cannot be reviewed. (*Grand Island & W. C. R. Co. v. Swinbank*, 51 Neb. 521; *Woodbridge v. DeWitt*, 51 Neb. 98.)

The futher arguments of plaintiff relate specifically to matters of each of which it is contended it rendered the taxes invalid, or of one that the taxes for the major number of the years were barred by limitation, and unenforceable. The recovery of these taxes was sought by plaintiff under and by virtue of a portion of section 144, chapter 77, article 1, Compiled Statutes, which is as follows: "No injunction shall be granted by any court or judge in this state to restrain the collection of any tax, or any part thereof, hereafter levied, nor to restrain the sale of any property for the non-payment of any such tax, except such tax, or the part thereof enjoined, be levied or assessed for an illegal or unauthorized purpose; nor shall any person be permitted to recover by replevin, or other process, any property taken or distrained by the county treasurer, or any tax collector, for the non-payment of any tax, except such tax be levied or assessed for illegal or unauthorized purpose; but in every case the person or persons claiming any tax or any part thereof, to be for any reason invalid, who shall pay the same to the county treasurer, tax collector, or other proper authority, may proceed in the following manner, viz.: First—If such person claim the tax, or any part thereof, to be invalid for the reason that the property upon which it was levied

was not liable to taxation, or that said property has been twice assessed in the same year and taxes paid thereon, he may pay such taxes under protest to the tax collector, county treasurer, or other proper authority, and it shall be the duty of the collector, treasurer, or other proper authority receiving such taxes, to give a receipt therefor, stating thereon that they were paid under protest, and the grounds of such protest, whether not taxable, or twice assessed, and taxes paid thereon. If such taxes are paid to the proper authority, other than the county treasurer, such person so receiving them shall, within ten days thereafter, deliver such taxes, or so much thereof as are paid under protest to the county treasurer, together with a copy of the receipt given for the same, and the county treasurer shall retain the money so paid under protest until otherwise directed by order of the county board. Within thirty days after paying such taxes, the person paying them shall file a statement in writing, duly verified, with the county board, setting forth the amount of tax paid under protest, the grounds of such protest, and shall attach thereto the receipt taken for said taxes. Whereupon at the first meeting of the county board thereafter they shall inquire into the matter, and if they shall find either that the property upon which such taxes were levied was not liable to taxation, or that it had been twice assessed in the same year, and taxes paid thereon, they shall issue an order to the county treasurer to refund said taxes, stating therein what sum shall be refunded, and if they shall find that the grounds of such protest are not true, they shall issue an order to the county treasurer to dispose of said money in the same manner as though it had not been paid under protest. Appeals may be taken from such decisions in the same manner and within the times set forth in sections 37 and 38, chapter 18, of the Compiled Statutes of Nebraska; and if such an appeal be taken the treasurer shall retain such taxes until the case is finally determined; provided, that he shall in all cases retain said money until the time

for an appeal shall have elapsed.  If an appeal from the decision of the county board be taken, and upon the final determination thereof their decision be affirmed, the treasurer shall at once carry the order of said board into effect; and if their decision be reversed, they shall issue a new order to the treasurer conforming to the decree of the court finally determining the case.  In all cases where the treasurer shall refund such taxes, he shall write opposite such taxes, in the tax list, the words, 'Erroneously taxed—Refunded.'  The term 'county board,' as used in this section, shall be held to mean board of county commissioners, and board of supervisors, as the case may be."  The protest is the basis of the claim for repayment, and the reasons assigned for the protest must be stated with as much certainty and particularity as in a petition in an action in district court; if not, the protest is insufficient.  The protest in this matter contained but general statements or conclusions, was not specific in relation to any ground on which a recovery was finally urged or demanded, and contained no reference to the bar of the statute of limitations, and furnished no sufficient groundwork for the claim presented to the commissioners.  In the claim to the county board and petition in the court, if an appeal be taken, the party cannot assign other, further, or different reasons than were sufficiently set forth in the document on which the action is predicated the notice of protest.  (*City of Omaha v. Kountze*, 25 Neb. 60; *Hinds v. Township of Belvidere*, 65 N. W. Rep. [Mich.] 544; *Union P. R. Co. v. Commissioners*, 98 U. S. 545; *Rogers v. Inhabitants of Greenbush*, 58 Me. 390, 4 Am. Rep. 292; *Meek v. McClure*, 49 Cal. 623.)

It follows that the judgment of the district court was right and will be

AFFIRMED.