## Andrews and another, Appellants, vs. Robertson, Respondent.

*September 5 — September 24, 1901.*

*Contracts: Ambiguity: Parol evidence: Agency: Notice of acts: Ratification: Promissory notes: Bona fide holder.*

1. Parol evidence is proper to explain the meaning of words used in a writing, which are ambiguous when applied to the subject which gave rise to such paper, as well as when the meaning of the writing is uncertain looking only at the language thereof.

2. A person is conclusively presumed to have had notice, actual or constructive, of all the doings of his agent within the actual or apparent scope of the agency, and to be bound thereby.

3. The holder of a promissory note, taken for him of the maker by an agent upon a condition not disclosed to such holder and outside the scope of the agency, cannot repudiate the condition and insist upon holding and enforcing the note. He is bound, if he does not intend to abide by such condition, to restore or offer to restore the note within a reasonable time after discovering the facts.

4. The general rule is that if a person, with knowledge of facts which will defeat a promissory note in the hands of the payee, purchases it from a *bona fide* holder thereof, he may recover thereon upon the strength of such *bona fides;* but that rule does not apply to a purchaser who is the payee of the note. If he sells such paper to an innocent third person and repurchases it for value, he does not thereby become possessed of any better right as against the maker than he possessed in the first instance.

[Syllabus by MARSHALL, J.]

APPEAL from a judgment of the circuit court for Dane county: R. G. SIEBECKER, Circuit Judge. *Affirmed.*

Action on a promissory note. The defense was that plaintiffs as agents of the Equitable Life Assurance Society of the United States, acting through their subagent, one Forsting, delivered to defendant two insurance bonds duly issued by such society, on his application made through such agents, and that he at the same time delivered to Forsting for the agents the note in suit, the same being for the down

payment for such bonds, and that the delivery was coupled with an agreement which Forsting had authority to make to the effect that defendant might, at his election to be made within thirty days, return the bonds, and in that event that the note should be delivered to defendant; that such election was made, notice thereof given to plaintiffs, a demand made upon them for the note and a tender of the bonds made to them, all within the thirty days agreed upon. The evidence was to the effect that defendant dealt with Forsting believing him to be the authorized agent of plaintiffs, received from him the bonds mentioned in the answer, and delivered to him the note in suit, receiving at the same time a writing signed by Forsting as follows:

"Received of *D. H. Robertson* note for $600 balance due on bonds Nos. B836,811 and 851,882. It it understood and agreed that should the above-numbered bonds be returned not accepted within thirty days duebill will be returned to *D. H. Robertson.*"

Forsting was in fact the duly authorized agent of plaintiffs to deliver to defendant the bonds mentioned and receive payment therefor. Evidence was given under objection that the word "duebill" in the receipt referred to the note in question. Evidence was excluded as to the authority of Forsting being limited to delivering the bonds and receiving payment therefor in cash.

Proof was made that defendant did all that was necessary on his part to entitle him to a return of his note if the writing was binding on plaintiffs, and that plaintiffs did not know of the agreement between Forsting and defendant mentioned in the receipt until after they parted with the note as hereafter mentioned; that they received the note supposing the delivery thereof to Forsting for them was unconditional, and that upon the faith thereof they paid full value for the same to the assurance society, keeping the paper as their own property; that they thereafter parted with the note for value, but discovering defendant's attitude in respect

Andrews and another vs. Robertson.

thereto before the maturity thereof, they repurchased the paper so as to enforce it in their own names and preserve their credit; that defendant knew when he gave the note that it was negotiable and was payable to plaintiffs as principals; also that the bond, according to the contract between him and the assurance society, required payment in cash.

A verdict was rendered in favor of defendant, and judgment was rendered accordingly.

For the appellants there was a brief by *Bashford, Aylward & Spensley*, and oral argument by *R. M. Bashford.* They contended, *inter alia*, that plaintiffs are *bona fide* holders of the note. *Johnston H. Co. v. McLean*, 57 Wis. 258; *Nelson v. McDonald*, 80 Wis. 605; *Johnson v. Weed & G. Mfg. Co.* 103 Wis. 291; *Mack v. Prang*, 104 Wis. 1; *Verbeck v. Scott*, 71 Wis. 59, 64; *Kinney v. Kruse*, 28 Wis. 183; Laws of 1899, ch. 356 (sec. 1676—28); 4 Am. & Eng. Ency. of Law (2d ed.), 330, 332, 333. There was a delivery of the note. *Lyle v. McCormick H. M. Co.* 108 Wis. 81; *Rehbein v. Rahr*, 109 Wis. 136; *Nutting v. Minn. F. Ins. Co.* 98 Wis. 26; *Thorn v. Ætna Ins. Co.* 102 Wis. 593, 596; *Tradesmen's Nat. Bank v. Curtis*, 167 N. Y. 194; *Davis v. McCready*, 17 N. Y. 230; Daniel, Neg. Inst. § 156; Tiedeman, Comm. Paper, § 40; 4 Am. & Eng. Ency. of Law, 144; *Brinker v. Meyer*, 81 Wis. 33, 35.

*H. W. Chynoweth*, for the respondent.

MARSHALL, J. The view we take of this case renders it unnecessary to consider the question of whether the instrument sued on ever became the promissory note of respondent. Conceding that it did, it is not enforceable in the hands of plaintiffs if the condition on which it was delivered to their agent, Forsting, is binding upon them, upon the ground that they are not *bona fide* holders of the paper. What that condition was is too clear for controversy. It was competent to show that the word " duebill," found in

the receipt given by Forsting, referred to the note, upon the plainest principles of evidence; so there can be no question but that the delivery of the note was made upon condition that if respondent elected to and did return the bonds as not satisfactory, within thirty days, it should be delivered back to him.

It is said appellants became the *bona fide* holders of the note because they paid full value therefor to their principal without notice of the condition upon which it was taken for them by Forsting. True, they did not have actual notice of such condition, but by well-settled principles of law they had constructive notice, if what Forsting did was within the actual or apparent scope of his agency; and if it was not, they are chargeable just the same and are bound accordingly, because they insisted on reaping the benefit of his transaction after having knowledge of the facts. Upon receiving such knowledge, if they did not intend to ratify such transaction, they should have promptly repudiated it and offered to return the note. *McDermott v. Jackson*, 97 Wis. 64; *Wilson v. Groelle*, 83 Wis. 530; *Perkins v. Boothby*, 71 Me. 91; *First Nat. Bank v. Oberne*, 121 Ill. 25; Mechem, Agency, § 167.

The further claim is made that plaintiffs are *bona fide* holders of the paper because they purchased it from their indorsee, who was an innocent holder thereof, paying full value therefor, and that the trial court erred in refusing to permit proof of such repurchase for value. In that, they invoke the familiar common-law rule, which has recently been added to the statute law of the state, sec. 1676—28, ch. 356, Laws of 1899, that the holder of commercial paper may recover on the strength of the title of a precedent innocent holder, regardless of knowledge on his part of fraud which would defeat it in the hands of the payee named therein. *Verbeck v. Scott*, 71 Wis. 59, 64. That rule is stated in the books, particularly in judicial opinions, generally in such a

Andrews and another vs. Robertson.

way as to lead one astray who is not familiar with the law on the subject, as to the extent of its application. It is not a universal rule. It does not apply to a case like this, where the payee of the paper, being so circumstanced at the start that he cannot recover thereon, transfers it to an innocent third party for value and subsequently purchases it back for value. Under such circumstances the payee cannot lean for support on the innocence of his vendee. His position is the same when he comes into possession of the paper the second time as when he first possessed it. One would say that must be the law without reference to authority; otherwise a person might become possessed of a promissory note of another by the grossest of frauds and by selling it to an innocent third person for value and subsequently repurchasing it enforce the same against the maker. The law contains no such open door as that for the successful perpetration of fraud. *Tod v. Wick Brothers & Co.* 36 Ohio St. 370; *Sawyer v. Wiswell*, 9 Allen, 39; *Kost v. Bender*, 25 Mich. 518; *Vorce v. Rosenbery*, 12 Neb. 448; *Chariton Plow Co. v. Davidson*, 16 Neb. 374; *Camp v. Sturdevant*, 16 Neb. 693. We are unable to find that the rule contended for by appellants has ever been applied to a case like this. If authority to that effect could be found, we would be compelled to reject it as out of harmony with the settled law on the subject and contrary to every principle of justice upon which the law is founded.

*By the Court.*— The judgment of the circuit court is affirmed.