WILLIAM JANIKE, APPELLANT, V. BUTLER COUNTY, APPELLEE.

FILED NOVEMBER 15, 1919. No. 20986.

1. **Taxation**: ILLEGAL ASSESSMENT: REMEDY. "The remedy provided for the taxpayer by the first subdivision of section 162 (Rev. St. 1913, sec. 6491) is available only when the property was wrongfully assessed, either because exempt from taxation or because the tax levied had already been assessed thereon and paid." *Darr v. Dawson County*, 93 Neb. 93.

2. ———: EXCESSIVE VALUATION: REMEDY. The remedy given by the first subdivision is not available to correct overvaluation of the owner's land, caused by the failure of the taxing authorities to assess separately a mortgage interest in the land, and to deduct the amount thereof from the total assessed value of the land. In such case the remedy of the taxpayer, where the law provides for such deduction, is to make his complaint before the board of equalization.

APPEAL from the district court for Butler county: EDWARD E. GOOD, JUDGE. *Affirmed.*

*R. C. Roper* and *M. A. Shaw,* for appellant.

*A. V. Thomas, contra.*

CORNISH, J.

Plaintiff, objecting to the tax assessed against his land, paid the tax under protest, made his claim before the county board, and from the judgment of that body against him, afterwards affirmed in the district court, appeals to this court.

The grounds of his written protest are: (1) "The property upon which it (the tax) was levied was not liable to taxation;" (2) the land had been "twice assessed in the same year and taxes twice paid thereon;" (3) there is a mortgage on the property in the sum of $3,000, to the Federal Land Bank of Omaha, which is "exempt from federal, state, municipal and local taxation."

Conceding, argumentatively, that the Federal Land Bank's mortgage is exempt from taxation, as against the

bank, and that under our assessment laws a mortgage
on real estate is declared to be an interest in real estate
for purposes of assessment and taxation, to be assessed
in the first instance to the mortgagee, the question arises
whether the plaintiff, having paid the tax under pro-
test in accordance with section 6491, Rev. St. 1913, is
entitled to, a judgment against the county for the amount
of the taxes so paid. We think not. The tax protested
against was a tax upon land owned by the plaintiff. The
point urged is that the amount of the mortgage on the
land was not assessed separately, and that its amount
was not deducted from the valuation of the land, so that
the plaintiff would only be called upon to pay the tax
upon the surplus value over and above the amount of
the mortgage.

The first subdivision of section 6491, upon which plain-
tiff bases his right to recover, provides for payment and
recovery of taxes paid under protest only in cases where
the property is ''not liable to taxation,'' or ''has been
twice assessed in the same year and taxes paid there-
on.'' In the instant case, the tax is on the land and is
assessed to the owner. Certainly the land was ''liable
to taxation,'' even though the mortgage interest, owned
by another party, was not. The assessment does not,
on its face, purport to assess the mortgage interest to
the plaintiff. If, as a matter of fact, the taxing au-
thorities have assessed the plaintiff's property which is
liable to taxation at too high a valuation, or even though
the valuation is made too high by reason of the failure
of the taxing authorities to make a deduction on account
of the mortgage, in either case, it would seem that the
remedy by suit to recover a tax paid under protest would
not be applicable. So long as the property assessed is
liable to taxation, or is liable to taxation in part, plain-
tiff's remedy is to go before the board of equalization,
where that portion constituting the overvaluation, how-
ever it may occur, may be abated. Primarily, the plain-
tiff is not interested in the taxation of another person's

property, and whether it is exempt from taxation or not. It is only when the other person's property, or interest in it, is assessed to him that he is interested. Subdivision 1 of section 6491, *supra,* in exempting property not "liable to taxation," contemplates only property of the owner which is exempt. The mortgage interest in land, held by the Federal Land Bank, whether exempt or not as to the bank, is not within the class.

In subdivision 2, sec. 6437, Rev. St. 1913, it is provided that, where lands have been assessed as entities, and where after assessment (as here) a part of such entities has been transferred, it is the duty of the board of equalization to make the proper adjustment. Under this section, and where part of the tax in question is assessable to the complaining party, he should make his complaint to the board of equalization. Even though a part of the tax may be void for other reasons, the remedy in question is not available.

No contention is made in the instant case that the property was twice assessed.

For cases bearing upon the questions considered, see *Darr v. Dawson County,* 93 Neb. 93; *Davis v. Otoe County,* 55 Neb. 677, 681; *Hicks v. Inhabitants of Westport,* 130 Mass. 478; 37 Cyc. 1184.

For the reasons above given, the judgment of the district court is

AFFIRMED.

ROSE, J., not sitting.