ANTON LENNEMANN, APPELLANT, V. HARLAN
COUNTY, APPELLEE.

FILED JULY 13, 1923.  No. 22501.

Taxation: UNAUTHORIZED LEVY: REMEDY. The remedy to recover taxes paid on the ground that they were levied for an unauthorized purpose must be pursued against the political subdivision for whose benefit or at whose request the same were levied, as provided by subdivision 2, sec. 6491, Rev. St. 1913; and where such taxes were levied by the county for the benefit of a township, the county is not liable therefor.

APPEAL from the district court for Harlan county: LEWIS H. BLACKLEDGE, JUDGE. *Affirmed.*

*B. B. Webber* and *J. G. Thompson,* for appellant.

*L. D. Hunt, contra.*

Heard before MORRISSEY, C. J., LETTON and GOOD, JJ., COLBY and REDICK, District Judges.

REDICK, District Judge.

Plaintiff appeals from judgment of the district court

affirming an order of the county board disallowing a claim for recovery of taxes paid under protest. The tax was levied by the county board at the request of the authorities of Orleans township, Harlan county, for library purposes. Plaintiff alleges: "That the said levy of five mills for library purposes is illegal, and is not a valid levy * * * for the reason that the electors of said township of Orleans have never voted to establish or maintain a public library as provided by the statutes of Nebraska." A demurrer to the petition was sustained and the case dismissed by the lower court.

Only one question is presented: Is the action properly brought under subdivision 1, sec. 6491, Rev. St. 1913 (Comp. St. 1922, sec. 6018), against the county, or should it have been brought under subdivision 2 against the township? So far as material to our present inquiry the provisions are as follows:

"First. If such person claim a tax, or any part thereof, to be invalid for the reason that the property upon which it is levied was not liable for taxation, or that the property has been twice assessed, * * * he may pay such taxes under protest"—and recover the same from the county.

"Second. If such person claim the tax, or any part thereof, to be invalid for the reason that it was levied or assessed for an illegal or unauthorized purpose, or for any other reason except as hereinbefore set forth, when he shall have paid the same to the treasurer, or other proper authority"—he may recover the same from the county, city, village, township, district, or other subdivision, for the benefit or under the authority or by the request of which the same was levied.

In *Darr v. Dawson County*, 93 Neb. 93, we held that the remedy provided by the first subdivision is available only when the property was wrongfully assessed, either because exempt from taxation or because the tax levied had already been assessed thereon and paid. This case was followed in *Janike v. Butler County*, 103 Neb. 865.

We think, in view of the fact that all property is "liable to taxation" except that which is expressly exempted, that the construction placed upon the words quoted is correct, and that for recovery for taxes paid, illegal for any other reason, the remedy must be sought under the second subdivision. The taxes in question are claimed to be illegal for the reason that they were levied for a purpose not authorized by the township, which brings them clearly within the words of the second subdivision. In a sense property is not liable for taxation for an unauthorized purpose, but the statute clearly distinguishes between such levies and levies upon property not taxable for any purpose, and has provided distinct remedies for each situation.

We are of opinion that the action should have been brought against the township of Orleans, and that the judgment of the lower court in sustaining the demurrer was correct, and it is

AFFIRMED.