WILSON *v*. TODD, ET UX.

[No. 27,367. Filed May 6, 1940.]

184

*Arthur Metzler* and *Charles C. Campbell,* both of Rochester (*L. B. Ewbank,* of Indianapolis, of counsel) for appellant.

*Hillis & Hillis,* of Logansport (*John T. Hillis* and *Keith Campbell,* both of Logansport, of counsel) for appellees.

SHAKE, C. J.—The appellant's complaint alleged and the trial court found that during the year 1930 the appellee Roy W. Todd perpetrated an actionable fraud upon the appellant, Charles Wilson, by means of which more than $12,000 in money was extorted from said appellant. The money so obtained was deposited by said Roy W. Todd to his account in a bank. Thereafter, he used $774.38 thereof to pay and discharge a mortgage held by one Henry N. Wilson on a 33-acre tract of land. The further sum of $3,548.16 was withdrawn from said bank by said appellee and applied to the payment of a mortgage held by the Fletcher Joint Stock Land Bank on a 160-acre farm. Title to both pieces of real estate was held by the appellees, who are husband and wife, as tenants by the entireties, and they were both personally liable for the payment of the debts secured by said mortgages. On September 21, 1934, the appellant obtained a tort judgment against Roy W. Todd for the sum of $12,000, for the money that had

been obtained by him as aforesaid. This judgment has never been satisfied. The appellee Ruth A. Todd had no knowledge of the fraudulent acts of her husband at the time said acts were committed, but did have knowledge thereof at the time of the commencement of this action.

The present action was begun on April 24, 1935. The complaint was drawn upon the theory of subrogation. The prayer was that the satisfaction of the aforesaid mortgage liens be set aside and vacated; that there be an adjudication that said liens stand for appellant's use and benefit; and that said mortgages be foreclosed, said real estate sold, and the proceeds applied on the appellant's claim. On the facts found the trial court pronounced conclusions of law to the effect that the law was with the appellant on the issues joined as to his right of subrogation to the mortgage on the 33-acre tract of land, which was discharged by the payment of $774.38; that the law was with the appellee Ruth A. Todd as to the appellant's right of subrogation with respect to the mortgage on the 160-acre farm, which was discharged by the payment of $3,548.16; and that the appellant was entitled to recover from the appellee Roy W. Todd the sum of $12,000, less any amount recovered from the foreclosure of the mortgage on the 33-acre tract of land. The judgment followed the conclusions of law. The appellant duly excepted to the conclusions against him and also filed a motion for a new trial, which was overruled.

It may be observed that the conclusion that the appellant was entitled to recover a judgment against the appellee Roy W. Todd for $12,000 was entirely without the issues, and that the conclusions with respect to the appellant's right of subrogation to the two mortgage

liens are in conflict and opposed to each other. However, since no cross-errors are assigned, we are not concerned with the conclusion upon which the appellant was found entitled to subrogation to the mortgage on the 33-acre farm. The appellees contend that the conclusion denying subrogation to the mortgage on the 160-acre farm was proper because the findings and the evidence failed to disclose certain essential facts, namely: (1) Knowledge on the part of Ruth A. Todd of the fraud practiced by her husband or of the judgment rendered against him therefor; (2) that the mortgage debts were paid with money belonging to the appellant; (3) that in discharging the mortgage liens Roy W. Todd acted for Ruth A. Todd; and (4) that demand was made on Ruth A. Todd prior to the bringing of this action.

Subrogation is the substitution of another person in the place of a creditor, so that the person in whose favor it is exercised succeeds to the right of the creditor in relation to the debt. *Johnson* v. *Barrett* (1889), 117 Ind. 551, 19. N. E. 199. So, one whose property is applied by others to the satisfaction of a debt or encumbrance is subrogated to the rights of the creditor or encumbrancer; and subrogation may also be allowed where funds to which one is equitably entitled have been applied to the payment of the debts of another, in which case the former is subrogated to the position of the latter. 60 C. J., p. 821, Subrogation, § 122; *Pittsburgh-Westmoreland Coal Co.* v. *Kerr* (1917), 220 N. Y. 137, 115 N. E. 465. If it be conceded that the appellant Ruth A. Todd had no knowledge of the fraud perpetrated by her husband, by means of which he obtained the funds out of which he discharged the mortgage debts, and that in paying said debts the

husband acted for himself and not as her agent, we do not think this would preclude appellant's right to recover. After being charged with full knowledge of the facts, Ruth A. Todd failed to disavow the acts of her husband, retained the benefits thereof, and resisted the appellant's efforts to obtain redress. She thereby ratified all that had been done by her husband and placed herself in a position to be estopped from denying knowledge of the transaction and the authority of her husband to act for her. *Toni* v. *Kingan & Co.* (1938), 214 Ind. 611, 15 N. E. (2d) 80; *National Life Ins. Co.* v. *Headrick* (1916), 63 Ind. App. 54, 112 N. E. 559; *American Car, etc., Co.* v. *Smock* (1911), 48 Ind. App. 359, 91 N. E. 749, 93 N. E. 78; *Andrews* v. *Robertson* (1901), 111 Wis. 334, 87 N. W. 190, 54 L. R. A. 673. And if there was no ratification or no estoppel, we do not think the contention of the appellee Ruth A. Todd could be sustained. According to her own theory she occupies the position of a third party. so far as the relation of her husband and the appellant is concerned. She parted with nothing, and will suffer no disadvantages on account of the appellant being subrogated to the rights of the mortgagees.

It cannot be seriously contended that the mortgage debts were not discharged with money that belonged to the appellant. The funds that were fraudulently taken from him were directly traced into the bank account of Roy W. Todd and paid to the mortgagees by checks drawn by him on said account. The court's special findings set out in detail the means by which this was accomplished. There was no such commingling of funds as would require a holding that they could not be identified or followed.

Inasmuch as the transaction by which the appellant was deprived of his money and the appellees obtained

the benefit thereof was tainted with fraud, no demand for restitution before suit was necessary. The situation may be distinguished from one where the party proceeded against has done no actionable wrong and a demand is necessary to render him liable or put him in the wrong. *Parrish* v. *Thurston* (1882), 87 Ind. 437.

Defects in the appellant's brief are suggested and it is also asserted that the bill of exceptions is not properly in the record. The brief indicates a good faith effort to comply with the rules and we would not be warranted in saying that it is not in substantial conformity therewith. On August 1, 1938, the appellant filed a praecipe calling for a transcript of the record of the proceedings in the cause, to include all papers and pleadings filed and on file, the order book entries, all orders and rulings, and the final judgment. The bill of exceptions was filed on September 19th, after having been approved and signed by the judge, and on the same day the clerk certified to the transcript, reciting in his certificate that the transcript contained the original bill of exceptions. The praecipe was, in substance, a request for a transcript of the entire record, and this court has held that such a praecipe is sufficient to authorize the inclusion of the bill of exceptions where it is shown by the transcript that the bill was signed and filed. *Finerty* v. *State* (1939), 215 Ind. 346, 19 N. E. (2d) 846. The bill of exceptions is therefore in the record.

The judgment is reversed, with directions to the trial court to restate its third and fourth conclusions of law in conformity with this opinion, and to enter judgment in favor of the appellant.

NOTE.—Reported in 26 N. E. (2d) 1003, 129 A. L. R. 192.