No. 13,238.

## CLANIN v. ESTERLY HARVESTING MACHINE COMPANY.

PROMISSORY NOTE.—*Recital of Consideration.—Guaranty.*—An instrument in the ordinary form of a promissory note except that it contains the words "This note given to secure the payment of the Universalist Church debt," is a promissory note, and not a contract of guaranty, the words quoted being a mere recital of the consideration.

SAME.—*Parol Agreement between Maker and Payee.*—In an action upon such note it is not admissible to aver and prove that the payee agreed, when he received the note, that he would procure another person to sign it, and that it should not become binding on the maker until so signed; nor is it competent to show that the payee agreed to collect subscriptions made by members of the church and apply the proceeds to the payment of the note, but had failed to do so.

SAME.—*Escrow.*—A promissory note may be delivered as an escrow to a third person, but it can not be so delivered to the payee.

From the Grant Circuit Court.

*G. W. Harvey,* for appellant.

*W. H. Charles* and *W. Bosson,* for appellee.

MITCHELL, J.—Reuben Clanin executed his promissory note calling for the payment of $248.54 in twelve months after date to Samuel Clanin, with eight per cent. interest. The note was in the ordinary form, except that it contained on its face the following stipulation, viz.: "This note is given to secure the payment of the Universalist Church debt." The payee afterwards assigned the note to the Esterly Harvesting Company, and the latter brought this suit, alleging the execution and assignment of the note, and that it remained due and wholly unpaid.

It is contended, in effect, that the stipulation above set out made the instrument a contract of guaranty, and that the defendant as guarantor was not liable until it appeared that the principal debtor had made default; hence, the argument proceeds, the complaint was demurrable, because it contained

Clanin *v.* Esterly Harvesting Machine Company.

no averment that the Universalist Church debt had not been paid. This position is not tenable. A guaranty is an independent contract, by which the guarantor undertakes in writing, upon a sufficient consideration, to be answerable for the debt, or for the performance of some duty, in case of the failure of some other person, who is primarily liable to pay or perform. *Ward* v. *Wilson*, 100 Ind. 52; *LaRose* v. *Logansport Nat'l Bank*, 102 Ind. 332, and cases cited.

The instrument sued on is a written promise by a person named to pay a certain sum of money at a future time, absolutely and without condition, to a payee named, and it has hence all the essential qualities of a promissory note.

The recital on the face of the note, that it was given to secure the payment of the Universalist Church debt, does not render the obligation collateral or conditional. This relates simply to the consideration upon which the note was executed. "It is no objection to a bill or note, that it states the transaction out of which it arose, or the consideration for which it was given." 1 Parsons Notes & Bills, 44; *Haussoullier* v. *Hartsinck*, 7 T. R. 729; *Wells* v. *Brigham*, 6 Cush. 6. The demurrer to the complaint was properly overruled.

The answers present substantially the following facts: At the time the note in suit was executed, the church society therein mentioned, at Mier, in this State, was indebted in the sum of $248.54, for the payment of which the appellant, with other members of the society, were personally bound. It was agreed that Samuel Clanin, the payee of the note, should advance the money to pay the church debt, and that the appellant and one Milton Abbott should execute their notes to him for the amount. The money was advanced according to the agreement, and the appellant signed the note and delivered it to the payee, who, it is alleged, agreed to see Abbott and procure his signature thereto. It is averred that it was agreed that the appellant was not to be bound unless Abbott's signature was obtained; that neither the payee nor any one else ever procured or asked Abbott to

sign, and that the latter, although solvent, now refuses to sign the note. In addition to the above facts, it is averred in other paragraphs of the answer that divers members of the church society above mentioned had subscribed sums aggregating $300, which, when collected, were to be applied to the liquidation of the church debt, and that Samuel Clanin, the payee, agreed at the time the note was executed that he would collect the amount of the subscriptions and apply the sums collected to the payment of the note. It is averred that, although the subscribers were, and still are, solvent, the payee of the note has wholly failed to make any effort to collect the subscriptions, and that they have not been collected according to the agreement.

These facts were manifestly insufficient to present any defence to the note. It is an elementary rule that, in the absence of fraud or mistake, a written contract is to have force and effect according to its terms. While it is competent to prove, under proper issues, that a note never was delivered, evidence is not admissible to prove that it was delivered to the payee, who had parted with the consideration, as an escrow, or under any agreement that the maker was not to be bound according to the terms of the note. A note may be delivered as an escrow to a third person, but it can not be so delivered to the payee. *Stewart* v. *Anderson*, 59 Ind. 375; *Benoit* v. *Schneider*, 47 Ind. 13; 1 Wait Actions and Defences, p. 565.

It was not admissible, therefore, to aver and prove that the payee agreed, when he received the note, that he would procure another person to sign it, and that it was not to become binding on the maker until it was so signed. Nor was it competent to defeat the collection of the note by proof that the payee had agreed to collect the subscriptions made by members of the church, and apply the proceeds to the payment thereof. Such proof would effectually displace the writing by substituting in its stead a parol agreement of an entirely different character. This can not be done. *Singer*

*Mfg. Co.* v. *Forsyth,* 108 Ind. 334; . *Carr* v. *Hays,* 110 Ind. 408; *Tucker* v. *Tucker,* 113 Ind. 272. If the payee had collected the subscriptions in pursuance of the alleged agreement, a different question would have been presented. *Tucker* v. *Tucker, supra.* There was no error in sustaining the demurrer to the answers.

The judgment is affirmed, with costs.

