## NATION ET AL. *v.* GREEN, EXECUTOR, ET AL.

[No. 23,329.   Filed April 17, 1919.   Rehearing denied December
19, 1919.]

1. APPEAL.—*Parties.—Improper Designation.—Effect.*—The im-
proper designation of a party as appellant, instead of an ap-
pellee, does not justify a dismissal of the appeal.   p. 699.

2. EXECUTORS AND ADMINISTRATORS.—*Costs of Administration.—
Residuary Estate.*—The residuary estate is chargeable with
only the ordinary and usual costs and expenses incident to the
administration of the decedent's estate.   p. 702.

3. EXECUTORS AND ADMINISTRATORS.—*Inheritance Tax.—Liabil-
ity of Residuary Estate.—Wills.*—In view of §§5, 7 of the In-
heritance Tax Act, Acts 1913 p. 79, §§10143e, 10143g Burns
1914, the residuary estate is not chargeable generally with the
inheritance tax upon other transfers, where the will neither ex-
pressly, nor by clear implication, charged the residuary estate
therewith.   pp. 702, 704.

4. EXECUTORS AND ADMINISTRATORS.—*Inheritance Tax.—Collec-
tion.—Source of Authority.*—In the collection of the inheritance
tax, the executor, administrator or trustee does not necessarily
act in his capacity as such, but, under §5 of the act (Acts 1913
p. 79, §10143e Burns 1914), is personally responsible for the
collection thereof as the agent of the state.   p. 703.

5. EXECUTORS AND ADMINISTRATORS.—*Taxes on Land.—Life Es-
tate.—Liability of Residuary Estate.*—Where a testatrix by
the terms of her will placed a deed in the hands of her at-
torney to be delivered to her executors, which deed reserved a
life estate in the land conveyed and provided that the same
be held in trust by the executors after her death for the bene-
fit of her minor foster daughter until the latter reached the
age of twenty-one, when it was to be delivered to her as a

conveyance of the fee, the deed conveyed to the daughter no present interest, and therefore the taxes assessed on the lands during the decedent's life were chargeable against the residuary estate therein.   pp. 704, 706.

6.   WILLS.—*Devise to Executors in Trust.—Deed.—Vesting of Estate.*—Where a testatrix by provision in her will made a deed to her foster daughter a part of the will, and placed the deed in the hands of her attorney to be held until her death and then to be delivered to the executors of the will to be held by them until the daughter became twenty-one years old, or destroyed in the event of the daughter's death before she reached such age, in which event the title was to be disposed of under the terms of the will, the will and the deed created a trust in favor of the daughter, but did not convey a present interest, the title vesting in the executors in trust upon the death of the testatrix to go to the daughter by delivery of the deed on her attaining majority.   p. 706.

7.   ESCROWS.—*Deposit.—Release or Relinquishment of Deed.— Delivery.*—The statement of the testatrix in her will that she relinquished and released all right and control as to a certain deed, which, under the terms of the will, was to be held in trust by the executors of the will for the benefit of a minor child, is only one element of an irrevocable escrow or deposit, but is not controlling where other facts show the absence of such a delivery as is another and necessary element of such escrow or deposit.   p. 708.

8.   LIFE ESTATES.—*Liability for Taxes.—Failure to Receive Income.—Effect.*—A deed delivered to the grantee during the grantor's life containing no covenants of warranty nor agreement as to taxes, in which deed the grantor reserved a life estate and possession of the land, required that the life tenant pay the taxes during the life tenancy, provided she derived sufficient income therefrom, and, where there was no showing that she received any income, the land was liable for the taxes so assessed.   p. 709.

9.   EXECUTORS AND ADMINISTRATORS.—*Expenses.—Costs.—Trust Estate.—Minor Legatee.*—Where the executors of a will were also made trustees for the purpose of holding the legal title to certain land which was to pass to a foster child of the testatrix on her reaching the age of twenty-one, and the executors and trustees incurred expenses in defending a petition of the divorced husband of the testatrix for the appointment as guardian of such child and for a modification of the divorce decree as to the custody of the child, such costs and expenses were chargeable to the property held in trust for the child and not to the residuary estate.   p. 709.

10. GUARDIAN AND WARD.—*Appointment.*—*Nomination by Will.*— A guardian nominated by will is entitled, under §3066 Burns 1914, §2519 R. S. 1881, to appointment over all others, but his appointment, duties and powers are governed by the law regulating guardians not so nominated. p. 710.

From Howard Circuit Court; *Joseph Combs*, Special Judge.

Proceedings by William B. Green and wife, as executor and executrix of the last will of Lucinda E. Foreman deceased, against Barbara Nation and others. From a judgment for the petitioners, the named defendant and others appeal. (Transferred from the Appellate Court under §1397 Burns 1914, Acts 1901 p. 568.) *Reversed.*

*Harness & Moon* and *W. C. Overton*, for appellants.
*Blacklidge, Wolf & Barnes* and *Richard L. Ewbank*, for appellees.

HARVEY, J.—This cause was transferred to this court by the Appellate Court for want of jurisdiction in the latter. *Nation* v. *Green*, 65 Ind. App. 136, 116 N. E. 840.

1. We concur in said opinion wherein it holds that the making of Mrs. Scherer an appellant, rather than an appellee, did not, and does not, justify the dismissal of this appeal.

Primarily, the question presented to the trial court was whether the sale of the real estate of decedent, Lucinda E. Foreman, to pay her debts, should be ordered. As an element of this question, the court was called upon to determine whether certain obligations were debts of the decedent; whether others were incidental costs and expenses of administration; and whether the inheritance tax involved was chargeable to the residuary estate.

The facts specially found by the court are in substance that Lucinda E. Foreman, the decedent and testatrix, was the wife of, and procured a divorce from, William

E. Wright; that the decree of divorce restored her name by a former marriage, Foreman, and granted her the care and custody of Wilma N. Wright, a child who had been adopted by Lucinda E. Wright and her then husband, William E. Wright. She was the only child of either, or both, and was when adopted eighteen months of age, and was less than six years of age when this litigation took place.

Mrs. Foreman, on March 30, 1914, executed a deed to her niece, Della Green, and her niece's husband, for 100 acres of land. This deed reserved to Mrs. Foreman the income from, and possession of, said land during her life, was conditioned for the support and care, if physical or mental disability of the grantor required, of the grantor and child until the latter became of age. This provision, so far as the child's interests were concerned, required all attention and care that parents would properly give such a child until she became of age, or earlier married.

Mrs. Foreman on the same day executed a deed to the child for another farm of 100 acres, and a will reciting the execution of both deeds, and the conditions of the deed to the Greens. The deed to the child and the will were delivered to the attorney who drew the same, the deed to be delivered to the executors of grantor's will, to be held by them and by them delivered to the child when she became of age, or destroyed in the event of the death of the child before coming of age.

The will contained a residuary bequest to the sister of the testatrix, Barbara Nation, appellant here, for life, and then to said sister's children. The mentioned residuary property was another farm of 26½ acres and a residence in Greentown, all of said property being in Howard county, this state.

The will named the niece and husband as executors; directed that the real estate conveyed and devised to

said child "be held by my executors until said Wilma
N. Wright becomes twenty-one years of age; or if she
dies before said age, then until her death, in trust for
said Wilma N. Wright; and that all rents and profits
and income of said one hundred acres of land * * *
be used in the care and support, maintenance and educa-
tion of said Wilma N. Wright." The will appointed
said niece and her husband "as guardians of my foster-
daughter, who shall have the control and management
of her until she reaches" said age. The will nominated
and appointed said niece and her husband "as executor
and executrix" and charged "them with the duty of
carrying out and seeing that the provisions of" the will
"are complied with."

The testatrix died within the following twenty days.
The will was probated and not questioned, except that
an effort was made by said adopting father to prevent
the provisions of the will from being carried into effect,
as hereinafter stated. The nominated executors quali-
fied as such. They also applied for letters of guardian-
ship. This application was resisted by the adopting
father and divorced husband, Wright. He applied for
letters of guardianship, and petitioned that the decree
of divorce be so modified as to grant him the custody
of his adopted child. This application and petition are
resisted by the executors.

This appeal involves nothing pertaining to the rul-
ings on the other petitions and proceedings. The only
questions presented relate to the petition to sell real
estate. Appellants' counsel say in their brief that "the
whole litigation in this action arises out of the effort
of these executors to unload upon the residuary legatees
debts and expenses which should be borne by Green
and Green as individuals, or as guardians of Wilma N.
Wright." Consistent with this statement we find the

only errors and cross-errors assigned are upon exceptions to conclusions of law as to such matters.

No. 1 of the court's conclusions charges the residuary estate with "costs and expenses incident to the administration of decedent's estate." This is correct
2. when construed to cover only ordinary and usual costs and expenses. That the court did not intend to cover more is evident from the court's sixth conclusion, which deals with extraordinary and unusual expense, which may or may not be expense of administration. Of this sixth conclusion we shall treat later. The exception to the first conclusion was properly overruled.

The second conclusion stated by the court requires the residuary estate to pay all the inheritance taxes involved. The manner in which and the circum-
3. stances under which each transfer was made, whether by deed or will, are fully disclosed by the facts found; the relationship of each transferee to the decedent is found; the contingencies of the several estates taken are defined.

The statute clearly indicates that each of the transferees shall pay inheritance taxes; the exemptions and percentages applicable to each; the method of calculation, adjustment and repayment in event contingencies happen, which lessen the estate taken by one and thereby increase the estate taken by another. Section 10143e Burns 1914, Acts 1913 p. 79, §5, of the inheritance tax statute further provides that the taxes shall be a lien upon the property taken by the respective transferees; provides the method of collection of the taxes from the respective transferees. Section 10143g Burns 1914, Acts 1913 p. 79, §7, provides that: "If such legacy or property be not in money," the administrator, executor or trustee "shall collect the taxes thereon upon the appraised value thereof from the person entitled thereto."

And further provides that the executor, administrator or trustee "having in charge or in trust any legacy or property for distribution subject to such tax, shall deduct the tax therefrom." And further "if any such legacy shall be charged upon or payable out of real property, the heir or devisee shall deduct such tax therefrom and pay it to the administrator, executor or trustee and the tax shall remain a lien or charge upon such property until paid." And further "the payment thereof shall be enforced by the executor, administrator or trustee in the same manner that the payment of the legacy might be enforced, or by the prosecuting attorney under section 16 of this act."

While it is true that said section also provides that "every executor, administrator or trustee shall have full power to sell so much of the property of the decedent as will enable him to pay such tax, in the same manner as he might be entitled by law to do for the payment of the debts of the testator or intestate," this, in view of the herein quoted parts of the statute, cannot be construed to mean that the executor, administrator or trustee is empowered to sell the property of one transferee to pay the taxes upon the property of another transferee. This last-quoted provision for sales must be held to define by comparison a "manner" of sale of such property only as is chargeable with inheritance taxes not otherwise paid or collectible and only of the interest therein of the defaulting heir, grantee, or legatee.

The executor, administrator, or trustee is not necessarily to act under this statute in his general capacity as such, but as an agent named by the state to 4. act for the state in making such collection. He is made personally responsible for such collection. §10143e Burns 1914, *supra.*

The provisions quoted make it clear that the residuary estate is not chargeable generally with the inheritance

tax upon other transfers. The will in this case 3. does not expressly, nor by clear implication, charge the residuum therewith. The exception to the second conclusion should have been sustained.

Appellants' exception to conclusion No. 3 questions the charges to the residuary estate of taxes assessed during decedent's life upon the 100 acres going to 5. Wilma N. Wright. These taxes were properly chargeable against the residuary estate, unless the daughter, Wilma, took a taxable interest in this 100 acres during the life of her foster mother.

The facts found relating to this are: That on the same day that the mother executed her will she caused a deed to be prepared to Wilma, which was, quoting the court's findings, "executed in connection with and as a part of her will." That said will and deed were placed in the same envelope by said Lucinda E. Foreman, and were then placed in the possession and care of the attorney who drew the same, "and were never in the possession of any other person." That the testatrix intended by said deed to pass title to said grantee, Wilma N. Wright, conditionally, that is to say, on the condition that said grantee should live to the age of twenty-one years; that said deed was not to be delivered to said grantee until she arrived at the age of twenty-one years; and if she died before becoming of that age, said deed was not to pass title, but was to be destroyed, and the property to be disposed of under the will; that said executors were during the minority of said grantee to hold said land in trust for her."

The will itself expresses the following:

"Item 3: I have also this day executed a deed to my foster-daughter, Wilma N. Wright, for one hundred acres of land (describing the said 100 acres), and have placed the same with this, my last will and testament, and I hereby release and relinquish all right and control over and to said deed to

my executors hereinafter named, it being my desire and I direct that said deed be taken by my executors and placed of record, as hereinafter set forth. If I should die before said Wilma N. Wright reaches the age of twenty-one years, the said deed shall not be delivered to her before she reaches the age of twenty-one years. If the said Wilma N. Wright should die before reaching the age of twenty-one years, then I desire and direct that said deed be destroyed by my said executors, and the one hundred acres of land described herein shall be disposed of under the terms of this will, as hereinafter provided. However, if said Wilma N. Wright shall reach the age of twenty-one years, the said deed shall be delivered to her, as herein stated. I further direct that said deed shall be treated and acted upon as one of the provisions of this my last will and testament, and that the same shall be delivered and recorded as herein directed. It is my intention that the title in and to said real estate so described in said deed shall vest in Wilma N. Wright, either by virtue of said deed or by this will, provided she lives to be of the age of twenty-one years, and that, in the event she does not live to be twenty-one years of age, then neither she nor her heirs shall have any interest whatever in said real estate except in the manner provided in section seven (7) of this will."

"Item 7: Should I die before said Wilma N. Wright reaches the age of twenty-one years, I will and direct that the real estate conveyed and devised as aforesaid to said Wilma N. Wright be held by my executors until said Wilma N. Wright becomes twenty-one years of age, or, if she dies before said age, then until her death, in trust for said Wilma N. Wright, and that all of the rents, profits and income of said one hundred acres of land which I have devised to her be used in the care, support, maintenance and education of said Wilma N. Wright, which as hereinbefore stated, shall become hers absolutely when she reaches the age of twenty-one years."

These instruments created a trust and took effect at the death of the testatrix in the child's favor, and

a part of the trust was that the title should at
5. the death of the testatrix vest in the executors
in trust, to go to the child from the executors
by delivery of the deed.  Such a deed, when a
6. release of all right of control thereover by the
grantor is shown, ordinarily passes a present
title, which, though not accompanied by all the rights
and incidents of ownership, becomes complete at the
death of the grantor.   This is on the theory, however,
that the delivery to the third person is, because of the
certainty of the named event to happen, a delivery in
effect to the grantee named.   This rule applies when
there is an absence of other stipulations, conditions or
terms named by the grantor relating to delivery.   Other
such facts, however, here exist which show that the
grantor had a purpose and intent that a present title
should not pass to the child.   Not by any chance did she
intend that the daughter should take at the time this
deed was handed to the mother's attorney, nor at the
mother's death, an interest which might be inherited
from the daughter.  If the rule that such a deed of con-
veyance so deposited and beyond recall or power to
change is applied in all its strength, then a full and
indefeasible title in fee simple passed at the time of
such deposit, subject only to possession and use of the
grantor during her life.   Such a result, accomplished
by rules of construction, rather than by express word
of the grantor as to the deposit, would be exactly con-
trary to her intent shown by her acts and words.

But it is said that the strong and well-understood
meaning and effect of the language of the deed cannot
be varied by acts and words contrary to the language
of the deed.   This rule has no application until there
is such a delivery as calls the language of the deed into
operation.   The mother did not deposit this deed for
delivery to the child.   The depositary was directed to

deliver the deed and will to the executors of the will. The mother's directions at the time did not go beyond delivery by the attorney to the executors. When so delivered to the executors it is found that the mother's direction is in the will; that the will creates a trust in the executors for the child's benefit, and, under certain circumstances, for the residuary legatees covering the property described in the deed. Such a trust in the executors excludes the idea that the deed is to be delivered to the child, or operative as a conveyance to the child at the mother's death. The mother expressly declared in her will that the executors shall destroy the deed in the event of the daughter's death before reaching her twenty-first birthday. This, again, is contrary to the claim that the deed was intended to convey a present title to the child. A destruction of the deed cannot destroy such present title, if title has passed.

The mother declared in her will that, in event the child died before reaching such age, title should "be disposed of under the terms of this will." Such terms are: (Item 6) That if the child does not live to such age, this 100 acres is to "be considered and treated as a part of the residue of my property." Item 4 places the residuum of the estate in the hands of the executors for the benefit of Barbara Nation, sister of the testatrix, during her life; and item 5 directs that at the said sister's death said *executors "shall divide* said property hereby placed in trust for my said sister between" her children. Thus the mother evinced her intent that this deed should never become effective as a deed unless Wilma reached the age of twenty-one. She deemed it best to name this deed as an instrument whereby this title should pass to Wilma from the executors as trustees, the title meantime resting in the executors as trustees, to be divested by the act of the executors in delivering the deed. The executors are directed to part

with their title as trustees by this deed to the child, or to the sister's children by a *division made by the executors.*

In our opinion this deed has no efficacy, in itself, to pass title.   In the absence of any mention of this deed, the child, on attaining her majority, would under the will have taken title, and, because of the peculiar wording of the will, would have been entitled to some evidence of a passing thereof from the executors as trustees.   The mother directed that this deed be used for that purpose, and, when considered in connection with the will, it may fairly be said to accomplish that purpose.   Such a construction of her acts and instruments is entirely consistent with her declaration in item 3, above quoted, that the deed is to be a part of the will, that the title shall vest in Wilma by virtue of the deed or the will, and that neither Wilma nor her heirs shall have any interest except as stated in item 7.

The mother's statement that "I hereby release and relinquish all right and control over and to said deed to my executor," if it has, under the circumstances, any force, can have no more force than a declaration of a testator that he by depositing his will releases and relinquishes all control over the same. Such a statement does not bind him against a revocation.   This deed and this will must, by reason of the facts and the declared intent of the testatrix be treated as one instrument; the deed was intended to be of no effect except as given life under circumstances stated in the will, and the will would be, at least, ambiguous without the deed.   The statement that the deed is released and relinquished is only one element of an irrevocable escrow, or deposit, but is not controlling when other facts show the absence of such a delivery as is another and necessary element of such deposit or escrow.

Our conclusion is that the child took no present interest by virtue of this deed.    This 100 acres remained the property of the mother during her life, and taxes accrued thereon prior to her death should be paid as other debts of her estate out of the residuum.    The exception to conclusion No. 3 was properly overruled.

Appellants' exception to conclusion No. 4 raises a similar question as to taxes assessed during grantor's life upon the 100 acres deeded to the Greens.

8.   This deed was made and delivered to grantees during the grantor's life; it contained no covenants of warranty, nor any agreement as to taxes.    The fact that the grantor retained a life estate and possession of this land did not require more than that the life tenant pay the taxes assessed during her life tenancy, provided she derived income therefrom sufficient. *Clark* y. *Middlesworth* (1882), 82 Ind. 240.    She died within twenty days after it was executed.    There was no showing that she received any such income.    The Green land was and is liable for the taxes referred to in this conclusion.    The exception should have been sustained.

The exception to conclusion No. 5 is expressly waived by appellants.

As to the sixth conclusion:    The executors employed counsel and incurred considerable expense in resisting the petition of the father that he be appointed

9.   guardian, and his petition for a modification of the decree in the divorce proceeding as to the custody of the child, and in prosecuting a petition that they, the Greens, be appointed guardians.    They were successful in such efforts.    The court in its sixth conclusion of law required that the fees of such counsel and such expenses, aggregating about $1,500, be charged to the interest taken by the child, and not to the residuary estate.    This is assigned as cross-error.

The majority of the members of the court is of opinion that this expense is properly charged to the property set apart by the mother for the child's welfare. The decision of the question involved is based on the proposition that the executors, under the terms of the will, occupied a dual relation, and that in the discharge of their duties they acted in a dual capacity. They were executors of the will and, as such, they were also trustees holding the legal title to the real estate which would pass to the child, Wilma N. Wright, in the event she attained the age of twenty-one years. In their capacity of executors it was their duty to settle the estate of the testator in accordance with the terms of the will; and, in their capacity of trustees, it was their duty to control, manage and protect the trust property. It was also their duty to dispose of the income, as provided by the instrument creating the trust, and, ultimately, to turn over the *corpus* of the trust to the proper *cestui qui trust*. The costs incident to protecting their rights to the custody, control and management of the trust property is properly chargeable to the trust estate, and not to the residuary legatees under the will. A guardian nominated by will is entitled by statute to 10. appointment over all others, but his appointment, duties and powers are governed by the law regulating guardians not so nominated. §3066 Burns 1914, §2519 R. S. 1881.

The writer, with whom concurs Justice Willoughby, while conceding all said propositions when other controlling facts are absent, are of opinion that here such other facts are not absent. A testator may do with his own as he pleases; and when his intent is ascertained, if the same can be legally carried out, the law does not, and the courts cannot, substitute means of accomplishing the intent other than those the testator dictated. The will here is conceded to be valid. The will

not only directs to whom title shall pass, but what title and how the property shall be controlled and enjoyed. The testatrix expressed her disapproval of statutory guardianship for the custody and care of her child and its property by naming other custody and caretakers. She realized the danger, in that the foster father might become such guardian; and to prevent this, she exercised in her will her right to nominate a guardian. We see no other occasion for appointing a guardian. In her mind this was necessary to prevent the failure of her express desire that her executors, as such, should perform the duties that a guardian would perform, and more, for her child. For this purpose she declared the executors should have the custody of the child and its property interests, and the application of the proceeds of the property. It being necessary that the legal title, or fee, of the property rest somewhere until it was ascertained whether it should go to the child or into the residuum, she placed it, not in the guardians, nor in others as trustees, but in the executors as trustees. She defined no duties for the trustees, as such, to perform except to hold this property and to eventually deliver her deed to the child, or to divide between the heirs of her sister. All other duties were to be performed by the executors. She had the right to, and she did expressly, name all these terms. She expressly declared that her niece and her niece's husband should be executors, and charged "them with the duty of carrying out and seeing that the provisions of" the will "are complied with." The only actors designated by her to perform any duty under the will, pending the child's minority, are the executors, not the guardians nor the trustees.

It is true, she does not expressly direct that the expenses of maintaining the conditions created by her will, nor of seeing that "the terms of my will are complied with," be paid out of her estate generally. But,

on the other hand, she does not say such expenses shall be charged to property in the hands of a guardian, nor of the trustees. The result is that as such expenses are not by the testatrix expressly charged against any particular estate or interest, they are chargeable to that interest which is subject to the payment of the expenses of carrying out and complying with the provisions of her will. In this case the residuary was, in our opinion, chargeable with such expenses. Considering the family history, and the facts surrounding the grantor and testatrix at the time she executed these documents; considering her fears of the man who had been decreed unfit to care for the child, and her anxiety for the child's best interests, we are driven to the conclusion that all else was in the testatrix' mind secondary, and the child's interests were to be first, and always first, protected by the niece and her husband, acting as executors. She clearly expressed in her will this as her desire and intention as above all other considerations, including considerations for the residuary legatees, who are never entitled to anything until all other terms of a will are complied with. The court found as a fact that counsel was employed and these expenses incurred by the executors. The court did not find that this was done by the Greens as individuals, nor as guardians, nor as trustees. They could not have performed the duties imposed upon them by the will without so doing. Under this will it was not necessary that the efforts and acts of the executors be for the benefit of the entire estate, nor of any other interest therein, to justify a charge against the residuary estate.

The prevailing opinion, however, leads to the conclusion that the cross-error is not sustained. The court is, however, directed to carefully revise said costs and charges for services, and separate the same as to said various proceedings and parties, in order that said

child's interest shall be charged only with that part thereof caused by said trustees.

Because the errors assigned on conclusions Nos. 2 and 4 are sustained, the judgment below is reversed; and the court is directed to restate said conclusions in accordance herewith, and to enter such order, or judgment, as is consistent herewith; and it appearing that one of the parties has died since the submission of this cause, the judgment is reversed as of the date of submission.

NOTE.—Reported in 123 N. E. 163.