The amended declaration in this case contains but two counts; one for money received by the defendant for the use of the plaintiff and the other for money found to be *Page 1375 
due from the defendant to the plaintiff upon an account stated between them. The defendant pleaded the general issue and by agreement the cause was tried by the circuit judge without the intervention of a jury. A finding was made for the defendant, upon which finding judgment was entered for the defendant. Plaintiff made a motion for a new trial and upon the same being denied by the court, she sued out a writ of error to have the judgment reviewed by this Court.
The facts show that one D. A. Shaw and Brown Development Company of Michigan, a Michigan corporation, executed a contract in duplicate hereinafter referred to as the "sales contract" which recited that for a consideration of $3,250.00, of which $812.50 was paid in cash and the balance divided into four payments to fall due on July 16, 1926, 1927, 1928 and 1929, respectively, the corporation would sell to the said Shaw, Lot number 8 of Block number 1 of the University Park section of University Park, according to plat thereof recorded in plat book B on page 61 of the records of Alachua County, subject to certain conditions set out in the said contract; that this contract, both original and duplicate, was taken by Shaw and one E. B. Kyle, and agent, who was sales manager for the corporation, and delivered to the First National Bank, Gainesville, Florida, and left there with a copy of a written agreement that had been executed by the said Kyle and the said Shaw, which said written agreement contained the following provisions:
 "Whereas, the party of the second part has purchased from the Brown Development Company of Michigan, a corporation, Lot Eight (8) of Block One (1) of University Park, a subdivision to the City of Gainesville, through and from the party of the first part as salesman; *Page 1376 
 "Now, therefore, for and in consideration of the sum of one dollar and other valuable considerations, paid by each party to the other, it is mutually agreed as follows, to-wit:
 "1. That the party of the first part shall place in the First National Bank of Gainesville, Florida, as escrow agent, a cashier's check payable to the order of the escrow agent, said check shall be in the sum of three hundred twenty-five ($325.00) dollars.
 "2. That the party of the first part does herein and hereby agree and obligate himself that within six months from this date that he will produce some person, firm or corporation ready, able and willing to purchase Lot Eight (8) of Block One (1) of University Park, a subdivision to the City of Gainesville, Florida, and to pay thereof to the said party of the second part the purchase price of three thousand five hundred seventy-five ($3,575.00) dollars.
 "3. In the event of failure of the party of the first part to produce some person, firm, corporation, ready, able and willing to purchase the lot described in Paragraph No. 2 above, within or on or before six months from this date, from the party of the second part and ready, able and willing to pay the purchase price of three thousand five hundred seventy-five ($3,575.00) dollars for the same. Then and in that event the escrow agent is herein and hereby authorized and directed to properly endorse and deliver to the party of the second part the certified check mentioned in Paragraph No. 1 above, and to cancel sales contract and make null and void said contract and to return portion of purchase money already paid on same which amounts to eight hundred twelve and ($812.50) dollars, it is further agreed to by both parties hereto that both the *Page 1377 
original and duplicate contracts shall be placed in escrow to be released only on conditions set forth. It is expressly understood and agreed that in the event the party of the first part presents a purchaser, able and willing to buy said lot at price mentioned, and party of the second part declines to accept same, then and in that event the cashier's check is to be returned to the party of the first part and this contract shall become null and void.
 "4. This agreement is executed by the parties of the first and second part in triplicate, one copy of which is retained by each of the parties hereto and one copy retained by the escrow agent;"
that neither copy of said sales contract had been or was ever delivered to the corporation, both being in the hands of Shaw until turned over by him to the bank and then they were retained by the bank; that the cashier's check mentioned in the said agreement between Kyle and Shaw was at the time of the trial in the possession of the bank; that a check of the Gadsden County State Bank, payable to the order of Laura A. Love, and indorsed by her, for $812.50 was delivered to Kyle by Shaw in connection with the contract which Shaw had signed and all subject to and controlled by the contract between him and Kyle; that Kyle knew that Shaw was making the deal for Laura A. Love, plaintiff in error and that it was made in Shaw's name because he was "on the spot;" that neither Kyle nor the Brown Development Company produced a purchaser who was ready, able and willing to buy according to the terms of the agreement signed by Kyle and Shaw; that Brown, the president of the corporation, was asked (by whom was not stated) to join in the "escrow agreement" for the Brown Development Company, but that he did not *Page 1378 
do so, and that he "sent word" to Shaw that he would not participate in it and that Shaw did not get such message.
The third assignment of error is predicated upon the refusal of the trial court to grant a new trial, which said motion contained among others the following grounds for new trial: The judgment of the court is contrary to the facts and contrary to the evidence and weight of the evidence adduced in said cause.
Inasmuch as Shaw was the agent of Laura R. Love, she was the real party in interest, and the action was maintainable in her name. Section 4201 (2561) Compiled General Laws of Florida, 1927.
It is the contention of the plaintiff in error that there was no sales contract for the purchase of the said land by Shaw her agent that was binding upon her, or her agent Shaw, inasmuch as the alleged contract had never been delivered by the escrow agent to the defendant in error, because of non-compliance of Kyle and of the Brown Development Company with the condition on which it had been placed in escrow, and that in equity and good conscience the money of the plaintiff in error which was received by the defendant in error should be returned.
The defendant in error contends that the alleged escrow agreement was not the agreement of the defendant in error, but an agreement of Kyle with Shaw and that no sufficient facts were shown in evidence to entitle the plaintiff to recover under general assumpsit.
It is generally recognized by the courts that an escrow is a written instrument which by its terms imports a legal obligation and which is deposited by the grantor, promisor or obligor or his agent with a stranger or third party to be kept by the depositary until the performance of a condition or the happening of a certain event and then to be *Page 1379 
delivered over to the grantee, promisee or obligee. 10 R. C. L. 621, 3 Words Phrases (3d series) 325.
It is an undisputed fact that the original and duplicate "sales contract" was left with the First National Bank, Gainesville, Florida, as escrow agent to be released to the parties only in the event Kyle presented within six months from its date some person, firm or corporation, ready, able and willing to purchase the said lot at and for the sum of $3,575.00. It is also clear that such a purchaser was not produced by Kyle or by the defendant in error within the specified time. Therefore the escrow could not take effect as a fully executed contract because the event never happened nor was the condition performed upon which the manual delivery of the contract was to be made by the said bank to the parties entitled to same. See 10 R. C. L. 640.
The fact that the defendant in error in name does not appear to have been a party to the escrow agreement does not alter the case. A principal has the right to do business in his own name or in the name of his agent and oral evidence identifying him as the real party in interest violates to no greater extent the rule against varying contracts by extrinsic evidence than does subjecting to liability an unknown and unnamed principal by the same means. 21 R. C. L. 893; Pleins v. Wachenheimer, 108 Minn. 342, 122 N.W. R. 166, 133 A. S. R. 451.
In the instant case, the sales contract had never been accepted by Shaw; neither had it been, nor should it have been, delivered to the defendant in error, though such corporation had received from the plaintiff in error and used $812.50 of her money. One would naturally infer from the facts that the vendor who was disposing of lots in a subdivision and who had received money in part payment for one knew something about the history of the transaction and had made inquiries as to the whereabouts *Page 1380 
of its copy of the contract containing, as it did, important covenants and conditions. But if we assume that it did the unusual thing and credited Shaw with the money without making any effort to obtain manual possession of the contract and we further assume that the escrow agreement was made by Kyle without knowledge, and contrary to the wishes and instructions, of the defendant in error, its position is not bettered; for the fact remains that it received the check of the plaintiff in error that was turned over to Kyle and converted such check into money. In doing this it impliedly ratified the agreement of Kyle and was bound by such agreement.
It is an established principle of law that where a person acts for another who accepts the fruits of his efforts, the latter is deemed to have accepted the methods employed, as he may not, even though innocent, receive the benefits and at the same time disclaim responsibility for the measures by which they were acquired. Chase v. Sullivan, 99 Fla. 202, 126 So. R. 359; Branford State Bank v. Howell Co., 88 Fla. 493, 102 So. R. 649, 650; 21 R. C. L. 932; 1 Mechem on Agency (2d Ed.) 316et seq.; Great Lakes T. Co. v. Mills Transp. Co., 155 Fed.R. 11, 22 L.R.A. (N.S.) 769; Nims v. Mt. H. Boy's School,160 Mass. 177, 35 N.E. R. 776, 39 A. S. R. 467, 22 L.R.A. 364; Foote v. Cotting, 195 Mass. 55, 80 N.E. R. 600, 15 L.R.A. (N.S.) 693 and note; Sherrod v. Duffy, 160 Mich. 488,125 N.W. 366, 136 A. S. R. 451; Tecumseh Nat. Bk. v. Chamberlain B. House, 63 Neb. 163, 88 N.W. R. 186, 57 L.R.A. 811; Lemcke v. A. L. Funk Co., 78 Wn. 460, 139 Pac. R. 234, Ann. Cas. 1915D, 23; Andrews v. Robertson, 111 Wis. 334, 87 N.W. R. 190, 87 A. S. R. 870, 54 L.R.A. 673.
We are, therefore, constrained to hold that there was never an unconditional acceptance of the "sales contract" *Page 1381 
by D. A. Shaw, the agent of plaintiff in error, and further that neither the defendant in error nor its agent Kyle performed the condition which was essential to a legal delivery of the contract by the escrow agent to the parties in interest; that in consequence thereof, there was never any binding contract between the parties, and that the said sum of $812.50 should have been returned to the plaintiff in error or to her agent. Marshall v. Bumby, 25 Fla. 619, 6 So. R. 480.
In 41 C. J. 29, it is stated that:
 "An action for money had and received * * * may, in general, be maintained whenever one has money in his hands belonging to another, which in equity and good conscience, he ought to pay over to that other."
The check for $812.50, having been delivered to Kyle by Shaw, "to apply on payment of the purchase price for the lot in question when certain conditions were complied with by Kyle," such conditions not having been complied with and the check having been converted into money by the defendant in error, in good conscience the money should have been returned. According to the facts brought out, plaintiff in error was entitled to a finding in her favor under the common count for money had and received by the defendant for the use of the plaintiff. Hawkins v. Garrison, 97 Fla. 156, 120 So. R. 209; Cox v. Grose, 97 Fla. 848, 122 So. R. 513; Peterson v. Howell, 99 Fla. 179, 126 So. R. 362; St. Johns Electric Co. v. St. Augustine, 81 Fla. 588, 88 So. R. 387; Cullen v. Seaboard Air Line R. Co., 63 Fla. 122, 58 So. R. 182; Bishop v. Taylor, 41 Fla. 77, 25 So. R. 287; Gordon v. Camp, 2 Fla. 422; Hazen v. Cobb, 96 Fla. 151, 117 So. R. 853; Evans v. Givens, 22 Fla. 476. *Page 1382 
It follows that the court erred in finding for the defendant in error and that the motion for a new trial should have been granted.
Errors have also been assigned upon rulings of the court refusing to permit certain questions to be asked by the plaintiff in error. Since we have disposed of the case favorably to the plaintiff in error upon other grounds, we deem it unnecessary to discuss questions arising during the trial over the rejection of evidence.
The judgment is reversed and the cause is remanded for a new trial.