122 So.2d 333 (1960)
L.C. PITTMAN, F. Malcolm Cunningham and D.A. Chaikin, d/b/a Acre-Home Developers, Appellants,
v.
Bertha ROBERTS, Appellee.
No. 1679.
District Court of Appeal of Florida. Second District.
July 29, 1960.
Rehearing Denied August 18, 1960.
*334 Holland & Smith, West Palm Beach, for appellants.
Hamilton & Nason, West Palm Beach, for appellee.
KANNER, Judge.
Protesting the result of a jury verdict for a breach of a building contract returned in the court below for the plaintiff in the sum of $6,437.50, the defendants have instituted this appeal from the judgment entered on the verdict.
Issues tried were created under an amended complaint and the answer thereto. The complaint charged that L.C. Pittman, F. Malcolm Cunningham, and D.A. Chaikin, doing business as Acre-Home Developers, agreed as undisclosed principals to build a house for the plaintiff by a contract entered into by Pittman as their agent; that under the contract the defendants agreed to erect, finish, and deliver the house in true artisan and workmanlike manner and to build it in accordance with the plans, specifications, and drawings made for the plaintiff; that the defendants in violation of the contract failed to do this but that there were, instead, substantial deviations from the plans, together with defective construction and unskilled workmanship.
Although the defendants admitted that they were a partnership doing business as Acre-Home Developers, they denied that the contract was entered into on their behalf as undisclosed principals by L.C. Pittman acting as their agent, and they further denied any liability.
The agreement, a simple contract for the construction of a private home, was executed by L.C. Pittman and Bertha Roberts in their own names. Generally, the contract of an agent dealing in his own name without disclosing the identity of his principal is the contract of the principal. This rule as to liability of an undisclosed principal applies to a simple executory contract or one not fully performed. Collins v. Aetna Ins. Co., 1931, 103 Fla. 848, 138 So. 369; and Humphrey v. Bussey, 1930, 99 Fla. 1249, 128 So. 841.
For an undisclosed principal to be held for the acts of his alleged agent, the relation of principal and agent must be proved. This may be accomplished through circumstantial as well as through direct evidence. Parol evidence is admissible to identify a principal as the real party in interest in a transaction. Love v. Brown Development Co., 1930, 100 Fla. 1373, 131 So. 144; and 1 Fla.Jur., Agency, section 90, pp. 699-700.
The defendants urge that the evidence was insufficient to establish agency so as to bind them as undisclosed principals. Our view upon examination of the record sustains the ruling of the trial judge that the evidence introduced did provide an adequate basis upon which the issue could be submitted to the jury for determination.
It is further contended by the defendants that there was no evidence introduced to afford a sufficient basis upon which damages could be awarded. We answer this also by saying that the evidence on this phase warranted a jury consideration and determination.
Declining to allow the plaintiff her request for taxing of court costs against the defendants in the sum of $634.55, the court allowed only $53.33 as costs. Crossassignments of error were filed by the plaintiff for failure of the trial court to have allowed the amount sought. Our perusal of plaintiff's brief reveals that such assignments of error are not presented as a point nor argued. Under Rule 3.7, subd. i, Florida Appellate Rules, 31 F.S.A., where assignments of error are not argued in the briefs they will be deemed abandoned. The appellate court in the interest of justice may take notice of jurisdictional or fundamental error apparent in the record on appeal, whether or not it has been argued in the briefs or made *335 the subject of an assignment of error, objection, or exception in the court below. However, the record discloses nothing to bring the matter cross-assigned within the exception to the rule. We therefore consider the cross-assignments of error as having been abandoned.
Finding no reversible error, we affirm the judgment of the court below
Affirmed.
ALLEN, C.J., and SHANNON, J., concur.