CHRISTIANSEN *v.* HOCKEMA ET AL.

[No. 19,341. Filed April 18, 1962. Rehearing
denied May 28, 1962.]

H. *Hanly Hammel, Jr.,* of Lafayette, for appellant.

*Vernon E. St. John,* of Lafayette and *Fraser & Isham,* of Fowler, for appellees.

GONAS, J.—Appellant filed a complaint in the trial court seeking to recover three thousand ($3,000.00) dollars, that she gave to appellees to hold in escrow, pursuant to an offer to purchase certain residential property which is located in West Lafayette, Indiana.

The complaint is in three (3) paragraphs. The first paragraph of complaint is for money had and received. The second paragraph of complaint sounds in conversion, and fraudulent inducement is the theory of the third paragraph of the complaint. Defendants filed joint answers in denial to each paragraph.

Evidence shows that appellant paid to the appellees, the sum of Five Hundred ($500.00) Dollars, earnest money deposit, and Twenty Five Hundred ($2500.00) Dollars as the balance of the down payment on the property here in question.

Appellant avers that she had no written contract and that she received no consideration for her offer, thus she sought to rescind said offer. Appellees argue that appellant has not shown a total failure to perform and that a deed was prepared and tendered appellant and that she actually went into possession.

Later said appellant changed her mind and wanted her money back.

Appellee contends that "where vendee pays part of the purchase money on a verbal contract for the purchase of real estate, he cannot refuse to accept a deed and recover the money paid."

Appellees resold the property after appellant refused to complete the transaction. The record shows deed tendered, appellant in possession and abandonment of said property by appellant.

Trial was held without a jury.

The court entered judgment that the plaintiff-appellant here take nothing by reason of her complaint and assessed the costs against appellant.

Appellant moved the court for a new trial on the grounds that the decision of the court is not sustained by sufficient evidence, and the decision of the court is contrary to law. Said motion was overruled and that ruling is assigned as error.

Appellant argues that the decision of the court is not sustained by sufficient evidence; and the decision of the court is contrary to law. We may not consider the argument that the decision of the court is not sustained by sufficient evidence. Appellant had the burden of proof in the trial court and suffered a negative decision in that court. A negative decision may not be attacked on appeal, by the party who had the burden of proof in the trial court on the ground that such decision is not sustained by sufficient evidence. *Metrailer* v. *Bishop,* (1959), 130 Ind. App. 77, 162 N. E. 2d 94. This only leaves the argument that the decision of the court is contrary to law.

In determining whether or not the decision of the trial court is contrary to law, we must determine

whether or not relief was denied appellant, to which she was entitled under the evidence. *Metrailer* v. *Bishop, supra.*

As said in *Pokraka* v. *Lummus Co.* (1952), 230 Ind. 523, 532, 104 N. E. 2d 669;

"It is only where the evidence is without conflict and can lead to but one conclusion and the trial court has reached an opposite conclusion, that the decision of the trial court will be set aside on the ground that it is contrary to law. *Losche & Sons* v. *Williams & Associates* (1948), 118 Ind. App. 392, 78 N. E. 2d 447. . ."

In support of her argument that the decision is contrary to law, appellant argues that the decision is contrary,

(1) To the law requiring contracts for the sale of lands to be supported by writing and between competent parties;

(2) To the law of contracts permitting an offeror to withdraw his offer at any time before it is accepted by the party to whom it is made;

(3) To the law of contracts requiring the parties to comply with the express conditions of a written contract or be held liable in damage for the breach;

(4) To the law of agency requiring an agent to be loyal to a trust when dealing with the property of a principal;

(5) To the law of agency which holds an agent liable for conversion of the property of his principal to his own use;

(6) To the law of agency which prohibits an agent from dealing with his principal in a dual capacity, and benefiting from his deception;

(7) To the law as not sustained by sufficient evidence to show that, as an agent dealing with a principal, the defendant's transaction was fair and equitable, and

(8) To the law in failing to require the defendants to repay with interest the $3,000.00 had and received from the plaintiff and withheld from her without reason or cause and without her consent.

None of the foregoing specifications of argument are adequate to present the question as to whether or not the decision of the court is contrary to law. We have examined the evidence and find it to be in conflict on all the issues presented. *Pokraka* v. *Lummus Co., supra.*

The brief of appellant fails to establish that the evidence entitled her to relief which was denied her by the court's decision.

Judgment affirmed.

Kelley, P. J., and Pfaff, J., concur.

Bierly, J., dissents with opinion.

### DISSENTING OPINION

BIERLY, J.—This is an action by the appellant brought in the Superior Court of Tippecanoe County, thence venued to the Benton Circuit Court to recover the sum of $3000.00 placed with Hockema and Son Agency, Member of Lafayette Real Estate Board, in escrow as part payment on the purchase price set at $13000.00 for real estate, described hereinafter in an Offer to Purchase, upon terms and conditions therein set forth.

Said Offer to Purchase was signed, as appears at the heading of such instrument, on the 18th day of October, 1950. It contained substantial conditions by requiring the owner to provide an abstract of title certified by a competent abstracter showing merchantable title "free of all liens and encumbrances, except as stated herein and except any restrictions and

easements of record"; and, also providing that the owner provide a "warranty deed sufficient to convey the entire title" to appellant, Christine Christiansen, purchaser.

The aforementioned Offer to Purchase in its entirety reads as follows:

## "OFFER TO PURCHASE

Adopted by the Lafayette Real Estate Board for the exclusive use of the members

Lafayette, Indiana
October 18, 1950

To:

HOCKEMA & SON AGENCY, member, Lafayette Real Estate Board, Lafayette, Indiana.

I hereby offer to purchase from the owner, through you as his broker, the property known Street 323 W. Lutz Street Legally described as follows:

Lot numbered one (1) in Rusk's Addition to the Town, now City of West Lafayette, EXCEPT fifty-five (55) feet off the entire South end thereof heretofore conveyed to Albert R. Sherrill, November 8, 1919, as recorded in Deed Record 150 page 490. Said Addition is platted upon a part of the East half of the North East quarter of Section Nineteen (19) Township Twenty-three (23), North, Range Four (4) West. Located in Wabash Township.

I agree to pay for said property the sum of $13,000.00 upon the following terms:

$500.00 cash herewith to be held in escrow by you pending acceptance of this offer and consummation of this transaction, and the balance as follows:

Balance to be paid October 31, 1950.

The owner shall pay the taxes due fall taxes of 1950 and spring taxes of 1951 and I agree to assume all thereafter.

The owner shall deliver possession of the property to me on or before October 31, 1950.

The owner shall furnish to me an abstract of title certified to date by a competent abstracter showing merchantable or insurable title in the owner, free and clear of all liens and encumbrances, except as stated herein and except any restrictions and easements of record. I am to be allowed a reasonable length of time to have said abstract examined.

The owner shall convey said real estate to me, or to whomever I designate in writing, by warranty deed sufficient to convey the entire title to me, which instrument shall be delivered and this transaction closed on or before October 31, 1950.

(To be used if purchase is by way of installment contract)

It is mutually agreed by and between the parties hereto that time is of the essence of this contract and that the covenants and agreements herein contained shall extend to and be obligatory upon the heirs, executors, administrators, and assigns of the respective parties.

A contract of sale shall be entered into between the owner (with his or her spouse joining therein) and myself for the sale and purchase of this real estate according to the terms herein set forth on or before . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .19 . . . . . . .

s/s  Christine Christiansen

Christine Purchaser Christiansen

Purchaser

Acceptance: ......................., 19 .....

The undersigned hereby accept the above offer and agree to sell said real estate on the terms therein stated.

s/s  Rose Humphrey

Husband  (Rose Humphrey Hainje  (Owner)

Wife                                        (Owner)"

As noted the Offer to Purchase was signed by Christine Christiansen, as purchaser and the acceptance of the offer was signed by Rose Humphrey (under typed Rose Humphrey Hainje), as owner. The evidence clearly presented the factual situation that Rose Humphrey only possessed an equitable title but not the legal title. The evidence shows that on October 18, 1950, legal title to the real estate described herein was in the names of Charles H. Hockema and Nellie Hockema, husband and wife, who did not sign the acceptance of the offer to purchase.

The failure of Charles H. Hockema and Nellie Hockema, husband and wife, to signify their acceptance as legal owners of the described real estate by signing the Offer to Purchase placed no legal responsibility upon the purchaser in favor to the holders of the legal title.

The record shows that on October 10, 1950, appellant paid $500.00 as provided to be held in escrow. This was collected by the Hockema and Son Agency; the record further shows that on October 11, 1950, appellant paid to said Hockema and Son Agency, the further sum of $2500.00 as part payment on the purchase price of said real estate. Thus $3000.00 of the purchaser's money was in the hands of the real estate agency.

Evidence disclosed that the Hockema and Son Agency was a partnership composed of Charles H. Hockema and his son, Robert J. Hockema; that the said Charles H. Hockema conducted the sale of real estate described by submitting a standard form—adopted by the Lafayette Real Estate Board—an Offer to Purchase to Christine Christiansen, an elderly widow, for her signature as purchaser.

Thus the hidden owner of the legal title to real estate described in the Offer to Purchase, Charles H. Hockema was the same person as Charles H. Hockema, of the partnership of Hockema and Son Agency, which held the $3000.00 paid by the purchaser on the purchase price.

I maintain that the Hockema and Son Agency was not a third party entitling it to act as an escrow agent. The term "escrow" in a legal document must be measured by its legal significance. We have this definition and comment on the term "Escrow" as stated in Black's Law Dictionary, Fourth Edition, at page 641, to-wit:

> "Escrow. A scroll, writing, or deed, delivered by the grantor, promisor or obligor into the hands of a third person, to be held by the latter until the happening of a contingency or performance of a condition, and then by him delivered to the grantee, promisee or obligee. *Squire* v. *Branciforti*, 131 Ohio St. 344, 2 N. E. 2d 878, 882; *McPherson* v. *Barbour*, 93 Or. 509, 183 P. 752, 755; *Love* v. *Brown Development Co. of Michigan*, 100 Fla. 1373, 131 So. 144, 146; *Johnson* v. *Wallden*, 342 Ill., 201, 173 N. E. 790, 792; *Minnesota & Oregon Land & Timber Co.* v. *Hewitt Inv. Co.*, D. C. Or. 201 F. 752, 759."

It has been held by our courts that a necessary element of escrow is an effectual delivery to a third person as a depository. *See Nation* v. *Green, Exr.*

(1919), 188 Ind. 697, 123 N. E. 163; *Osborne* v. *Eslinger* (1900), 155 Ind. 351, 58 N. E. 439; *Clanin* v. *Esterly Harvesting Machine Company* (1888), 118 Ind. 372, 21 N. E. 35.

The acceptance and holding of the $3000.00 of the purchase price paid by the purchaser, Christian Christiansen, to the Hockema and Son Agency under the conditions, as to a disinterested third party, fails substantially to conform to the requirements of an escrow agreement.

Passing over the legal aspect that the Offer to Purchase is a nullity as to the purchaser and the owner of record thereby not binding the purchaser, the Offer to Purchase contained this provision, to-wit:

"A contract of sale shall be entered into between the owner (with his or her spouse joining therein) and myself [Purchaser] for the sale and purchase of this real estate according to the terms herein set forth on or before —— 19 ——." [Supplied for clarity.]

The evidence discloses no such contract to have been executed and the words in parenthesis (with his or her spouse joining therein) would in my opinion contemplate a written contract. Without the owner of the legal title having signed the acceptance of the Offer to Purchase, the Purchaser could not have been legally held on the contract even if tendered by the owner of the equitable title.

Appellant sought to rescind her offer to purchase said real estate and demanded the return of the $3000.00 paid to the Hockema and Son Agency. She averred no valid contract was executed for the sale thereof.

To obtain a proper perspective of the chain of title to the real estate herein described, the evidence

discloses that prior to the sole date on the Offer to Purchase October 18, 1950, Vera J. Daniels, as owner, executed a Contract of Sale of Real Estate involving real estate in the case at bar, in the favor of Hattie Rose Humphrey, as buyer, on February 2, 1949; that on December 1, 1949, the said Vera J. Daniels, an unmarried adult, conveyed said described real estate to Charles H. Hockema and Nellie Hockema, husband and wife, by warranty deed, which deed was recorded on the 15th of the same month; that on the said date of October 18, 1950, when Rose Humphrey apparently signed the Offer to Purchase she was a married woman, but obtained a divorce October 20, 1950; that Charles N. Hockema and Nellie Hockema, husband and wife, executed a warranty deed conveying real estate described in this cause in favor of appellant, Christine Christiansen, an unmarried adult, on October 26, 1950 and tendered said deed to appellant who refused to accept the same and who repeated her demand for the return of the $3000.00 paid; that on said date of October 26, 1950, Rose Humphrey, an unmarried woman, conveyed by quit claim deed her interest in said described real estate to Charles H. Hockema and Nellie Hockema, husband and wife, which conveyance was recorded November 13, 1950; and, finally on June 30, 1951, Charles H. Hockema and Nellie Hockema, husband and wife, conveyed by warranty deed said real estate herein described to Dan Quintiliant and Mary Quintiliant, husband and wife, and said deed was recorded on the same day. All instruments were executed prior to filing of the complaint on April 23, 1952.

Appellant filed a complaint in three paragraphs for money had and received, breach of contract of agency, and for money paid under false inducement

and converted. Appellees filed an answer in three paragraphs thereto.

The issue before the trial court for determination was whether appellant was entitled to have the amount of $3000.00 returned to her that had been placed with the real estate brokers pursuant to aforesaid Offer to Purchase certain real estate described therein.

Trial was had without a jury. The trial court made no finding of facts nor conclusions of law but entered the following judgment:

> "Comes now the Court, and this cause having heretofore been submitted on the Plaintiff's complaint and the Defendants' separate answers to the three paragraphs of complaint by agreement without the intervention of a jury, evidence heard and the same taken under advisement, the Court now ENTERS the following judgment:
>
> "It is CONSIDERED, ORDERED AND ADJUDGED by the Court that the plaintiff take nothing by reason of her complaint and that further the Plaintiff pay the costs of this action taxed at $14.35."

This action resolved itself as one in equity.

According to the record of the chain of title, Charles H. Hockema and Nellie Hockema, husband and wife, acquired the equitable title held by Rose Humphrey, by virtue of the quit claim deed, shown as dated October 26, 1950, the consideration not disclosed but received payment from Charles H. Hockema and Nellie Hockema, husband and wife, apparently out of the $3000.00 deposited by appellant with the Hockema and Son Agency. That on said date, Charles H. Hockema and Nellie Hockema, husband and wife, executed a warranty deed to real estate herein described in favor of Christine Christiansen, an unmarried adult, the appellant, and which pro-

posed warranty deed according to the evidence contained this paragraph, to-wit:

"The grantee herein named assumes and agrees to pay a first mortgage of $7000.00 in favor of and made payable to the Star City Building and Loan Association of Lafayette, Indiana."

The Offer to Purchase signed by appellant contained no provision for any liens or encumbrances but she was to have title by warranty deed containing none excepting any restrictions and easements of record.

Appellant was not legally bound to accept such proposed deed and was in her legal right to refuse to accept the same. By virtue of appellees' failure to sign the Order to Purchase as legal owners as an acknowledgment of the acceptance of said Offer to Purchase signed by appellant, no legal relationship had been entered into by and between the appellant and appellees.

The diversion of the funds deposited by appellant, in my opinion, was unjustifiable, irregular and illegal.

Finally, when appellees callously applied appellant's funds deposited on the purchase price to divest the interest of Rose Humphrey in said real estate, and after failing to return appellant's funds upon demand, appellees sold said real estate to the Quintiliants as aforesaid. Since appellees had no legal grounds upon which to successfully proceed by way of specific performance, it is understandable why they did not avail themselves of that remedy.

It is my opinion that the judgment of the trial court is contrary to law, and that this cause be remanded to the trial court with instructions to enter judgment in favor of the appellant, Christine Christiansen.

NOTE.—Reported in 181 N. E. 2d 786.