**IMPOSSIBLE ELECTRONIC TECH-NIQUES, INC., Plaintiff-Appellant,**

v.

**WACKENHUT PROTECTIVE SYS-TEMS, INC., Defendant-Appellee.**

**No. 78–1605.**

United States Court of Appeals, Fifth Circuit.

Jan. 25, 1980.

Andrew F. Mimnaugh, Philadelphia, Pa., for plaintiff-appellant.

Richard H. W. Maloy, Bernard F. Siegel, Coral Gables, Fla., for defendant-appellee.

Before VANCE, POLITZ and RANDALL, Circuit Judges.

PER CURIAM:

Plaintiff appeals in this diversity case from the district court's grant of defendant's motion to dismiss. We reverse.

Impossible's amended complaint alleged that Wackenhut had breached its agreement to purchase a security camera system.

The agreement's terms were alleged to be set forth in an appended purchase order issued by Wackenhut to Jackson and Church Electronics Co., Inc. (J and C). Impossible alleged that the purchase agreement was between Wackenhut and Impossible but that Wackenhut requested that the sale be made through plaintiff's local agent because it would be available for follow-up maintenance service. The sale was made as requested through J and C acting as plaintiff's agent. Wackenhut subsequently cancelled the order.

Pursuant to Fed.R.Civ.P. 12(b)(6) defendant moved that Impossible's amended complaint be dismissed for failure to state a claim. Without explanation the court entered an order granting the motion.

The district court's ruling on the motion is governed by the familiar standard stated in *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957):

> [A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

*Id.* at 45–46, 78 S.Ct. at 102. Since it did not provide any explanation for its order, the basis of the trial court's ruling is not apparent. It is clear, however, that plaintiff's complaint stated a claim for breach of contract and was sufficient under *Conley v. Gibson*.

Florida authority establishes that a party may contract in the name of an agent and that having done so he may thereafter sue under the contract in his own name as the real party in interest. *Love v. Brown Dev. Co.*, 100 Fla. 1373, 131 So. 144, 146 (1930):

> A principal has the right to do business in his own name or in the name of his agent, and parol evidence identifying him as the real party in interest violates to no greater extent the rule against varying contracts by extrinsic evidence than does subjecting to liability an unknown and an unnamed principal by the same means. 21 R.C.L. 893; *Pleins v. Wachenheimer*, 108 Minn. 342, 122 N.W. 166, 133 Am.St. Rep. 451.

Defendant also contests the agency relationship between J and C and the plaintiff. This factual contention is not germane at this stage in the face of the allegation of agency. Defendant suggested at oral argument that plaintiff's claim contains an internal inconsistency that would justify dismissal. It relies on the copy of the complaint in a companion case by plaintiff against J and C for an alleged breach of J and C's contract with plaintiff as its local agent. That copy was appended to plaintiff's motion to amend in this case. We do not consider the legal effect, if any, of an inconsistency such as that claimed. Our examination discloses that there is no significant inconsistency in the two complaints.

REVERSED and REMANDED.